MARTIN AND WIFE v. REED.

DECEDENTS' ESTATES —*Distribution Without Personal Representative.*—The heirs to whom, under the laws of descent and distribution of the domicil of an intestate, his personal estate descends, subject only to the payment of his debts, are entitled to its possession, subject to the rights of the personal representative; but where there are no debts, if the heirs can agree upon a distribution, there is no absolute necessity for the appointment of a personal representative. The heir entitled by such distribution to a note secured by a trust deed, belonging to the assets, or his assignee, may enforce payment of the claim in equity.

SAME.— *Trustee.—Assignment by.—*A deed in the nature of a mortgage on real estate to secure the payment of a note was made to a person, as trustee, who afterwards became a beneficiary of the trust by descent, as one of the two heirs at law of the legatee of the *cestui que trust,* and assigned the note and trust deed to his co-heir, without administration on the estate of the legatee.

*Held,* that a suit to foreclose the trust deed might be maintained in equity by one claiming through such assignment.

APPEAL from the Warren Common Pleas.

ELLIOTT, J.—This was a suit by Reed, as assignee, against Martin and wife, to foreclose a mortgage, or deed of trust, executed by the latter to Nelson Kellenbarger on certain

lands in Warren county, in this State. A demurrer to the complaint, for the want of sufficient facts to constitute a cause of action, was filed and overruled.

A trial was had upon issues of fact, which resulted in a finding and judgment for the plaintiff. The defendants below appeal.

The ruling of the court on the demurrer to the complaint raises the only question for our decision. The facts, as they appear by the complaint, are these: On the 2d of November, 1857, the appellant, William R. Martin, executed to George Kellenbarger, sen., a promissory note for three thousand dollars, payable three years after date, with interest from date, at the rate of ten per cent. per annum, payable semi-annually. Martin, at the same time, executed to Nelson Kellenbarger, the son of said George, a deed of trust, in the nature of a mortgage, in which his wife joined, to secure the payment of said note and the interest thereon, on certain real estate in Warren county, Indiana. The note and mortgage were executed in the State of Ohio, and the law of that State allowing parties to contract for the payment of interest at the rate of ten per centum is set out in the complaint. George Kellenbarger, sen., died in the State of Ohio, in 1862, testate, leaving his widow, Jemima Kellenbarger, and his two sons, Nelson and George Kellenbarger, jr., his only children and heirs at law. By his last will, which was duly proved and admitted to probate, George Kellenbarger, sen., first charged his personal property with the payment of his debts, and gave all the remainder thereof absolutely to his said wife, if she survived him. Administrators, with the will annexed, were duly appointed, and on the final settlement of the estate there remained in their hands, for distribution, the sum of $28,009.32, which the court ordered the administrators to distribute "as directed by the will of the decedent."

It is averred in the complaint that the administrators, pursuant to said order, delivered and paid over to Jemima Kellenbarger, the widow of the decedent, the whole of said

sum of $28,009.32, included in which was the note for $3,000 and the mortgage, or deed of trust, on which this suit is brought. That said Jemima Kellenbarger died, intestate, in the State of Ohio, on the 25th of December, 1865, in the possession of said note and deed of trust, leaving the said Nelson Kellenbarger and George Kellenbarger her only children and heirs at law; that no administration was ever granted on her estate, and that the said Nelson and George as her only heirs at law took possession of her personal property, amongst which was said note and mortgage, or deed of trust, and it thereby became invested in them absolutely by descent as her only heirs. On the 30th of August, 1867, Nelson Kellenbarger sold, and by indorsements thereon, assigned all his right and interest in said note and trust deed to said George Kellenbarger, jr.; and afterwards and before the commencement of this suit, George Kellenbarger assigned and transferred the same in writing to the plaintiff in trust for the benefit of the creditors of said George.

It is also averred that the note and the interest thereon remain unpaid, except the sum of $572.71 paid to George Kellenbarger, sen., on the 10th of November, 1857, and credited thereon. Prayer for judgment on the note and for a foreclosure. The deed of trust and the note secured thereby and the several assignments thereof, are made a part of the complaint.

The only objection urged to the complaint which need be noticed is, that the note and trust deed by which it was secured belonged to Jemima Kellenbarger at her death, and could only be enforced by her legal representative, and that the fact that administration had never been granted on her estate did not authorize her sons, Nelson and George Kellenbarger, to sue thereon or to transfer the same to the plaintiff; that their assignment of the note and deed of trust was but an unlawful intermeddling with the estate of said Jemima, and did not confer any right, either legal or equitable, upon the plaintiff below.

Martin and Wife *v.* Reed.

Jemima Kellenbarger at the time of her death was a resident of the State of Ohio, and her personal estate was subject to the laws of descent and distribution of that State. And if, as is alleged in the complaint, it vested upon her death absolutely by descent in Nelson and George Kellenbarger as her only heirs at law, their right to transfer it would be unquestionable. If it descended to them subject only to the payment of the debts of the intestate, they were entitled to its possession, subject only to the rights of the personal representative. If the intestate owed no one, which is highly probable from the facts shown by the complaint, then, if her heirs could agree amongst themselves upon a distribution of her property, there was no absolute necessity for the appointment of a personal representative. Under such circumstances, no good reason is perceived why the heir entitled to it might not enforce the payment of the claim in equity.

Besides, the deed of trust was made to Nelson Kellenbarger, and it is clear that as the trustee of an express trust he might have brought a suit for the foreclosure of the equity of redemption and sale of the lands for the payment of the debt, at any time after it became due. As one of the heirs of his mother, he became at her death one of the beneficiaries of the trust, and as the plaintiff claims through his assignment, we think the action may be maintained in equity.

We conclude, therefore, that the court below did nor err in overruling the demurrer to the complaint.

The judgment is affirmed, with five per cent. damages and costs.

*J. McCabe,* for appellants.

*R. F. Gregory,* and *J. Harper,* for appellee.