———————o———————

## Walpole's Administrator *v.* Bishop and Another.

Parties.—*Decedents' Estates.*—The heirs at law of a decedent against whose estate it appears there exist any debts cannot maintain an action for money due the estate.

Same.—Suit by the heirs at law of A. against the administrator of B., to recover money collected by B. in his lifetime, as attorney of A. The complaint alleged, that, in the same year that A. died, an administrator of his estate was appointed, who six years afterwards resigned his trust; that no assets ever came to his hands; that no claims against A's estate were ever

filed in court; that no other administrator of A.'s estate was ever appointed; that the widow of A. paid all the claims that were presented or that she knew existed against his estate, and fully administered the same, years before.

*Held,* that these plaintiffs could not maintain the action.

INTEREST.—*Money Collected by Attorney.—Demand.—Conversion.*—An attorney is not liable for interest on money collected by him, until demand made by the party entitled to receive it, or until a wrongful conversion.

APPEAL from the Marion Common Pleas.

GREGORY, J.—This is a suit by the heirs at law of John Bishop, deceased, against Walpole's administrator, to recover money collected by Walpole in his lifetime, as attorney of Bishop. The complaint alleges, that Bishop died in 1856; that one Durham was in that year appointed his administrator; that he resigned his trust in 1862; that no assets of any kind ever came to his hands; that no claims against Bishop's estate were ever filed in court; that no other administrator had ever been appointed; that the widow of Bishop paid all the claims that were presented or that she knew existed against his estate, and fully administered the same, years since.

A demurrer was filed to this complaint, on the grounds, first, that it does not state facts sufficient; second, that there is a defect of parties plaintiffs.

The demurrer was overruled, and the defendant excepted.

The defendant filed the general denial. The issue was tried by the court; finding for the plaintiff for three hundred and sixty-four dollars.

The evidence, which is a part of the record, shows that a judgment was rendered in the Marion Common Pleas, on the 10th of January, 1855, in favor of Bishop against one Van Houten, administrator of Moore, for four hundred dollars; that two assignments of parts of the judgment, of one hundred dollars each, had been made by Bishop to Walpole. Van Houten, the sole witness in the case, testified, that he was and still is the administrator of Moore's estate, and was the defendant in the judgment read in evidence; that Walpole was the attorney for Bishop in the action; that Bishop

made the assignments to Walpole to pay the latter for fees as an attorney; that Bishop died in the spring of 1856; that the plaintiffs, Sarah and Lewis Bishop, are the only heirs of Bishop, deceased; that Sarah Bishop, the widow, settled and paid the debts of decedent; that there is no administrator of Bishop's estate; that in June or July, 1856, he paid to Walpole as Bishop's attorney a part of the judgment; that on the 31st of December, 1856, he paid Walpole $285.45, being the balance of the judgment and interest, including one or two small claims in favor of one McLeary against Moore's estate; that he took Walpole's receipt therefor, which he produced; that Sarah Bishop frequently asked and urged him, as administrator of Moore's estate, to pay the judgment referred to; that he always gave her an evasive answer, requesting her to wait till the Charley Garner case was settled, that he thought there would be more coming to her; that he never told Mrs. Bishop or Lewis Bishop that he had paid the judgment in full to Walpole, and had every reason to believe that neither of the plaintiffs ever knew it was paid until they learned it by the receipt filed as voucher ninety-one in his report as Moore's administrator, at the October term, 1867, of said court; that the reason he never told Mrs. Bishop it was paid was, because she was easily troubled and very often became sick from trouble.

The first question is, can the heirs at law of Bishop maintain this action?

It is claimed, that under sections three and four of the code (2 G. & H. pp. 34–5–6–7), the heir may sue, being the real party in interest, after the payment of debts. There is no averment in the complaint that there are no debts or liabilities for the expenses of administration, but, on the contrary, it is alleged, that administration was granted to Durham in 1856; that he continued to be administrator until he resigned his trust in 1862; and that no assets of any kind ever came to his hands. His expenses, at least, are a charge on the estate. The averment that Mrs. Bishop, the widow, paid all the claims that were presented, or that she

knew existed against her husband's estate, is not an averment that there are no such debts.   She was never the administratrix of the estate; she therefore never had it in her power fully to administer it.

Upon the death of Bishop, his personal estate vested in his administrator, and not the heirs at law.   Walpole's liability was to the administrator, and not the heirs.   He was under no obligation to account to the heirs for the money collected by him as the attorney of the decedent.   An action cannot be maintained by them against his administrator.

There is nothing shown in evidence that makes Walpole's estate liable for interest.   An attorney is not liable for interest on money collected by him, until demand made by the party entitled to receive it, or until a wrongful conversion.   There is no proof of either in this case.   The act of Van Houten in not telling a nervous woman a fact that would have troubled her or made her sick could hardly be charged to Walpole.   Indeed, it is somewhat difficult to understand upon what principle the court below proceeded in charging Walpole's estate with interest on the money collected by him as the attorney for Bishop.

Judgment reversed, with costs; cause remanded, with directions to sustain the demurrer to the complaint, and for further proceedings.

*J. S. Harvey*, for appellant.

*J. Milner*, for appellee.