———————o———————

BEARSS ET AL. *v.* MONTGOMERY, GUARDIAN.

PLEADING.—*Complaint by Guardian.*—When the guardian of an insane person sues in his own name, the complaint should show that the right of action is in the insane person, and should not allege the cause of action to be in the guardian.

SAME.—*Reply.*—*Departure.*—When the guardian of an insane person sues upon a promissory note, and alleges in the complaint that the note was indorsed to the plaintiff, a reply showing that the note was indorsed to the deceased ancestor of his ward, and that his ward's only claim to the note grows out of a, division made by the heirs of the notes held by the deceased, is a departure.

PRACTICE.—*Demurrer for Departure.*—A departure in pleading may be objected to by a demurrer.

ADMINISTRATOR.—*Possession of Assets.*—An administrator has a claim superior to that of the heirs to the assets of the estate, until the debts of the estate have been paid.

From the Miami Circuit Court.

*A. J. Davidson* and *J. R. Parmlee,* for appellants.

*H. I. Shirk* and *J. Mitchell,* for appellee.

DOWNEY, J.—This action was by the appellee against the appellants.   The title of the action is as follows: "Levi M. Montgomery, guardian of Francis M. Watts, insane heir of Barnett Watts, deceased, plaintiff, *v.* William E. Bearss, Omer D. Bearss, Oliver J. Bearss, and George R. Bearss." It then proceeds thus: ·

Bearss *et al. v.* Montgomery, Guardian

" Said plaintiff complains of said defendants, and says said defendants, on the 15th day of January, 1869, by their promissory note, the original of which is filed herewith, promised to pay Charles Pefferman four hundred and fifty-five dollars; that said Charles Pefferman indorsed the same to the plaintiff in writing; the original indorsement is herewith set out; that on the 16th day of September, 1869, said defendants made a payment on said note of thirty-eight dollars and thirty-eight cents, which amount is duly credited on said note; that said note is due, and that the remainder thereof is wholly unpaid; wherefore," etc.

The first paragraph of the answer was by all the defendants, and in it they averred that the plaintiff was not the real party in interest in said suit; that the note was made payable to Charles Pefferman, the payee named therein, and was by said Pefferman sold and delivered to one Barnett Watts; that afterward, in 1869, said Watts died intestate, the owner and in possession of said note; that afterward, to wit, on the 17th day of December, 1869, letters of administration were duly granted upon the estate of said deceased by the court of common pleas of the county of Fulton to the defendant, George R. Bearss, who gave bond, etc., and who is still the administrator of said estate; that said estate has not yet been settled, nor have the debts against said estate, or the expenses of administration, or court and other costs in relation thereto been paid by said administrator, or in any other manner howsoever; and the defendants aver that said administrator has no means whatever with which to pay said indebtedness or said costs and expenses, or any part thereof, nor has any property or assets belonging to said estate ever come to his hands as such administrator, with which to pay the same or any part thereof. They aver that there are claims against said estate unpaid, some of which are filed in said Fulton Common Pleas, and some of which are not yet filed, amounting to a considerable sum, but what amount they can not state; that said administrator has notified these defendants,

who are principals in said note, and the said George R. Bearss, surety thereon, not to pay said note to the plaintiff, but to pay the same to him, as the proceeds thereof are necessary to pay said debts, etc., and that said note belongs to him as such administrator; wherefore, etc.

George R. Bearss answered further and separately, setting up the same facts, in substance, as are averred in the first paragraph.

Both of the paragraphs were sworn to by George R. Bearss, and were accompanied by a copy of the letters of administration.

The plaintiff replied in three paragraphs. The first was a general denial. The second was pleaded to the first paragraph of the answer; and the third was to the second paragraph of the answer pleaded by George E. Bearss alone.

The defendants demurred jointly to the second and third paragraphs of the reply, which demurrer the court sustained as to the second paragraph and overruled as to the third.

A trial by the court resulted in a finding for the plaintiff. A motion made for a new trial by the defendants was overruled, and there was final judgment for the plaintiff.

Two errors are assigned. 1. Overruling the demurrer to the third paragraph of the reply. 2. Refusing to grant a new trial.

The third paragraph of the reply avers that George R. Bearss is one of the joint makers of said note; that he, for the sole purpose of hindering and delaying the collection of said note, and with the intent to deprive said plaintiff's ward of the use of the money owed by him and the other defendants, caused letters of administration to issue on the estate of said Barnett Watts to him on the 18th day of December, 1869; that the said Bearss has taken no steps in the administration of said estate, filed no inventory, and no report, except an informal one ; that the said Bearss, at the time of causing said letters of administration to issue to him, well knew there were no debts against said estate, and that a division of the personal assets, by a mutual agreement

between the heirs of said Barnett Watts, deceased, had been made among said heirs, each one, of whom there were three, taking an equal third thereof; that the personal assets of said estate consisted of two notes of equal amount given by one Charles Pefferman to said deceased, and the note in suit; that the notes were of equal value; that the note sued on had been given by the defendants herein to one Charles Pefferman, who assigned it to said deceased in his lifetime; that in said division of said personal estate of said deceased, the note of the defendants, on which the suit is brought, fell to the ward of plaintiff as her distributive share of said personal estate; that said defendant George R. Bearss well knew, before he took out letters of administration as aforesaid, that said note had become the property of the ward of the plaintiff by said distribution; and, although over two years have passed, said defendant has never demanded or made any claim whatever for said note of the plaintiff or his ward; that the only debt against said decedent at his death was the funeral expenses, amounting to twenty dollars, which has been fully paid by said heirs, each one paying one-third thereof; that there are no other debts against said estate, either on file in the common pleas of Fulton county or elsewhere; that said George R. Bearss has not been to any expense or labor in the settlement of said estate, and is of no kindred to said decedent or his heirs; nor was he, at the time of obtaining said letters of administration, a creditor of said estate, but obtained the granting of said letters without the knowledge or consent of said plaintiff's ward; wherefore, etc.

Counsel for appellants insist, in the first place, that the reply in question is a departure from the complaint, for the reason that the complaint counts upon a cause of action due to the plaintiff in his own right, while the reply sets up a right of action in favor of the ward of the plaintiff. In the body of the complaint, the plaintiff does not allege that the note was indorsed to his ward, but alleges " that said Charles Pefferman indorsed the same to the plaintiff, in writing; the

original indorsement is herewith set out." The only indorsement on the note is the name of Charles Pefferman.

In actions at law by a committee or guardian of a lunatic, at common law, the action was properly brought in the name of the lunatic as plaintiff, and a next friend was appointed for him, who might be his committee or some other person. In suits in chancery, the practice was for the lunatic and his committee or next friend to unite in the action. Our code provides that it shall not be necessary to make an idiot or lunatic a joint party with his guardian or committee, except as may be required by statute. 2 G. & H. 37, sec. 4. When the committee or guardian sues in his own name, the complaint should show that the right of action is in the lunatic, and should not allege the cause of action to be in the guardian, or committee. In this case, the guardian is made plaintiff, and it is expressly averred that the note was indorsed to him; not that the note was indorsed to the lunatic. So far as we can see from an examination of the complaint, the plaintiff need not have styled himself guardian; for as the note is alleged to have been indorsed to him, the right of action upon it was in him.

In the reply, he shows that the note, instead of having been indorsed to him, as stated in the complaint, was indorsed to the deceased ancestor of his ward, and that his ward's only claim to it grew out of a division of the notes held by the deceased, made by the heirs after his death. It seems to us that the plaintiff has shifted his ground, and is guilty of a departure from the complaint. The objection may be taken by demurrer, as was done in this case. *McAroy* v. *Wright,* 25 Ind. 22.

Another objection to the reply urged by counsel for the appellants is, that from the facts alleged the right of action on the note was in the administrator of the deceased indorsee, and not in the plaintiff or his ward. The answer alleges that there were debts, expenses of administration, etc., to be paid by the administrator. The reply avers that there was a certain amount due for funeral expenses, and that that amount.

Bearss *et al. v.* Montgomery, Guardian.

was .paid by the heirs in equal parts. But when this pay-- ment was made does not appear, nor does it appear that the expenses of administration had been paid. The administra- tor has a superior claim to that of the heirs to the assets of the estate until the debts, etc., of the estate have been paid. ·Counsel for appellee refer us to *Martin* v. *Reed*, 30 Ind. 218. But it is not in point. There was no question in that case between the personal representative and the heirs of the ·deceased. The question was, whether the heir or his assignee could sue on the note, and it was held that he could. It is said in the case, in speaking of the note:

" If it descended to them subject only to the payment of the debts of the intestate, they were entitled to its posses- sion, subject only to the rights of the personal representa- tive. If the intestate owed no one, which is highly probable from the facts shown by the complaint, then, if her heirs could agree amongst themselves upon a distribution of her property, there was no absolute necessity for the appointment of a personal representative. Under such circumstances, no good reason is perceived why the heir entitled to it might .not enforce the payment of the claim in equity."

It is clear that the case does not meet the question under ·consideration. Here it is alleged there were debts and ·expenses, and the question is between the administrator and the heir; there there were no debts, and the question did not arise between the administrator and the heir, but between ;the assignee of the heir and the debtor.

We need not consider the question relating to the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the third paragraph of the reply.