## MITCHELL v. DICKSON ET AL.

PARTIES.—*Decedents' Estates.*—*Administration.*—The widow of a deceased payee of a promissory note, the other heirs having assigned said note by indorsement to her, there being no debts of the decedent to be paid, and the estate having been settled without administration, may maintain an action in her own name on said note.

From the Lawrence Circuit Court.

*F. Wilson* and *M. F. Dunn,* for appellant.

*G. Putnam, G. W. Friedley* and *H. C. Duncan,* for appellees.

DOWNEY, C. J. — The appellees executed a promissory note to Alonzo Wilcox, who afterwards died, leaving surviving him the appellant, his widow, and three married daughters. The daughters and their husbands assigned the note, by indorsement, to the appellant. There were no debts of the deceased to be paid, and the estate was settled without administration.

The only question in the case is, whether the appellant could, under the circumstances, maintain an action on the note. The circuit court held that she could not. Counsel for appellees cite *Walpole's Adm'r* v. *Bishop,* 31 Ind. 156, and insist that the action could only be sustained by an administrator of the payee of the note.

Counsel for appellant cite and rely upon *Martin* v. *Reed,* 30 Ind. 218.

The question turns upon the fact whether there are or are not debts to be paid. As there were no debts to be paid in this case, we hold that the appellant could recover. See, also, *Bearss* v. *Montgomery,* 46 Ind. 544.

The judgment is reversed, with costs, and the cause is remanded.