### Schneider et ux. *v.* Piessner et al.

PLEADING.—*Demurrer.*—*Decedents' Estates.*—*Suit by Heirs on Chose in Action Belonging to Estate.*—*Averments as to Widow.*—In a suit upon a chose in action belonging to the estate of a deceased intestate, by a plaintiff alleging himself to be the heir at law of such decedent, and that the latter left no debts to be paid and that no administration has been had upon such estate, unless the complaint also alleges that there is no widow, or that she has received or relinquished the amount due to her, as such, it is bad on demurrer for want of sufficient facts.

From the Ripley Circuit Court.

*G. Durbin* and *Z. T. Hazen*, for appellants.

*A. Stockinger*, for appellees.

WORDEN, C. J.—This was an action by the appellees, against the appellants, to foreclose certain mortgages executed by the appellants, Schneider and wife, to Matthew, or Matthias, Gardner. Demurrer to the complaint for want of sufficient facts, overruled, and exception. Final judgment for the plaintiffs.

Error is assigned upon the ruling on the demurrer.

The plaintiffs sued as the heirs at law of Gardner, the mortgagee. There were two paragraphs in the complaint, based upon separate mortgages. In the first it is averred that "the plaintiffs are the children and heirs at law of Matthew Gardner, deceased, and are all of age; that their father departed this life in 1875, intestate, leaving no debts to be settled, and no administration of his estate." In the second, it is alleged that "the plaintiffs are the children and heirs at law of Matthew Gardner, deceased, and are all of age; that said Gardner died, intestate, in the year 1875, and left no debts to be settled, and no letters of administration were taken out on his estate."

These are all the allegations in either paragraph showing that the right of action upon the mortgages had vested in the plaintiffs, or that they were entitled to sue upon them. Prima facie, the right of action to recover a debt due to a person vests, upon his decease, in his executor or administrator. But there are cases where a party dies, intestate, without debts to be paid and no administration is had upon his estate, in which the heirs may sue for the debt. *Martin* v. *Reed*, 30 Ind. 218; *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156; *Bearss* v. *Montgomery*, 46 Ind. 544.

But in our opinion, where the heirs of the creditor sue for the debt, the complaint should aver every fact necessary to give them a right of action and to recover the money. It is not sufficient to show that there are no

debts to be paid. The complaint must show by its averments that the heirs suing are entitled to the money. It is upon this ground that it is necessary to allege the nonexistence of debts.

The widow of a deceased person is entitled to three hundred dollars of his property or of the proceeds thereof, "before any distribution." 1 R. S. 1876, p. 412, sec. 21. And this sum is increased to five hundred dollars, by an act of 1871. 2 R. S. 1876, p. 507, sec. 43. By the latter statute, the widow may refuse to take any of the property contained in the inventory, at its appraisement, but she is entitled to receive the amount in cash, out of the first moneys received by the executor or administrator.

The complaint in this case does not show, either that there was no widow, or, if there was a widow left, that she had received her five hundred dollars. Indeed, it does not show even that the deceased left other property out of which the amount to which she would be entitled could be made.

For aught that appears, it may be necessary to resort to the mortgages in suit here, to raise the amount that may be due to a surviving widow.

We think the complaint was radically defective for this reason, if for no other. An affirmative averment, either that there was no widow left, or that she had received or relinquished the amount due her under the law, was just as essential to the complaint as an averment that there were no debts to be paid or no administration had.

We are of opinion, therefore, that the demurrer to the complaint should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.