Ferguson *v.* Barnes.

-----

FERGUSON *v.* BARNES.

DECEDENTS' ESTATES.—*Executor de son tort.*—*Action by Heir.*—*Pleading.*—In an action against an executor *de son tort* of the estate of an intestate, brought

by an heir of the latter, either for his own personal benefit or for that of the estate, the complaint, to be sufficient, must allege that there are no debts outstanding against such estate.

SAME.—An heir at law, or next of kin, of a decedent, can not, simply as such, maintain an action against an executor *de son tort* of the estate of such decedent.

SAME.—*Action by Executor or Administrator.*—An executor or administrator may maintain an action against an executor *de son tort* of his decedent's estate.

SAME.—*Action by Creditor.*—Where such action is instituted by a creditor of the decedent's estate, it should be instituted, not for his sole benefit, but for the benefit of all the creditors.

SAME.—*Source of Property Converted.*—*Pleading.*—In an action against an executor *de son tort,* the complaint is not insufficient on demurrer, merely because, by its allegations, it appears that the property converted by the defendant was the proceeds of a void sale, by the decedent and a second husband, of real estate inherited by her from a deceased former husband.

From the Jennings Circuit Court.

*J. D. New* and *W. Dixon,* for appellant.

*J. Overmeyer,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below, in and by the following complaint, to wit:

"Francis E. Barnes, plaintiff, complains of William Ferguson, defendant, and says, that on the 25th day of February, 1875, Elizabeth Ferguson, the mother of plaintiff and the wife of defendant, departed this life, intestate; that said plaintiff, said defendant, and Alzura Deal, formerly Alzura Ferguson, daughter of said William and Elizabeth, are the only heirs at law of the said Elizabeth; that said Elizabeth, at the time of her death, held a note for the sum of $188.00, and the interest thereon, against William H. Lawrence; that said note represented the proceeds of certain real estate which said Elizabeth held as widow of John S. Barnes, the father of plaintiff and former husband of Elizabeth, who died seized of the same; that said real estate was sold by said Elizabeth, during her marriage with said defendant; that, since the

death of said Elizabeth, no administrator has been appointed to administer upon her estate; that, since the death of said Elizabeth, the defendant has wrongfully and unlawfully, and with intent to cheat and defraud the plaintiff, taken possession of said note, and has collected the money on the same from said Lawrence, and has converted the same to his own use; that the sum of money so collected and converted amounted to the sum of two hundred and fifty dollars. Wherefore the plaintiff says that the defendant is chargeable, as an executor of his own wrong; and plaintiff demands judgment against the defendant, as such executor, for the said sum of $250.00, with ten per centum thereon, making the sum of $275.00, and for all other proper relief."

The appellant demurred to this complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and to this decision the appellant excepted.

The appellant then answered, in three paragraphs, the appellee's complaint, as follows:

1. A general denial.

2. In the second paragraph, the appellant alleged, in substance, that he received from said William H. Lawrence, on his note, mentioned in said complaint, the sum of one hundred and nineteen dollars, and no more, and that the said sum was so received by him after the death of his wife, the said Elizabeth Ferguson; that, on the day of the death of his said wife, she requested and directed appellant to procure from said Lawrence said money, and use the same in paying the expenses of her last sickness, and her funeral and burial expenses; and that the appellant procured said money from said Lawrence in compliance with the request of his said wife, and wholly expended the same in paying said expenses of her last sickness, funeral and burial.

3. In the third paragraph of his answer, the appellant said, in substance, that he collected from said William H.

Lawrence the sum of one hundred and fifteen dollars, being the full amount due on his said note; that, at the time he collected said sum, the appellant was the owner, in his own right, of said note, the same having been given to him by his said wife, Elizabeth Ferguson, the payee thereof; and that the appellant paid out all of the money so collected by him on the expenses of his said wife's last sickness, funeral and burial.

The appellee demurred to the second and third paragraphs of said answer, for the want of sufficient facts in each paragraph to constitute a defence to this action, which demurrers were sustained as to the second, and overruled as to the third, paragraph of said answer, and to the former decision the appellant excepted. And the appellee replied, by a general denial, to the third paragraph of answer. And the action, being at issue, was tried by the court below, and a finding made that there was due the appellee, "for the benefit of the estate of Elizabeth Ferguson," from the appellant, the sum of one hundred and twenty-six dollars and seventy cents. And the appellant's written motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered by the court below, in accordance with its said finding, for the benefit of the heirs or administrator of Elizabeth Ferguson.

The appellant has assigned as errors, in this court, the following decisions of the court below:

1st. In sustaining the appellee's demurrer to the second paragraph of the appellant's answer;

3d. In overruling his motion for a new trial; and,

4th. In overruling his demurrer to the appellee's complaint.

The second error assigned was simply a cause for a new trial, and it was, therefore, improperly assigned in this court as an independent error. We do not set it out, because it presents no question for our consideration.

We will first consider the question presented by the

fourth alleged error, to wit: The sufficiency of the appellee's complaint. The appellee has attempted, in his complaint, to state a cause of action in his own favor and in his own personal right, against the appellant, as an executor *de son tort* of his deceased wife's estate.

The question for our consideration, as it seems to us, is this: Are the averments of the complaint sufficient to show that the appellee, when his action was commenced, by reason of the matters stated, had a personal demand, in his own right, against the appellant, as such executor, for the money mentioned in the complaint, or any part thereof?

It is conceded on the face of the complaint, that the appellee was not the only heir at law of Elizabeth Ferguson deceased, but that the appellant and one Alzura Deal were co-heirs with the appellee of said decedent, and, of course, equally interested with him in the money mentioned in said complaint. It can not be claimed, therefore, we think, that the appellee has sued in this action for the benefit of himself and his co-heirs, of whom the defendant, the appellant in this court, is one; but the action must be regarded, as the complaint shows it is, as the personal action of the appellee for the recovery of his share only of the decedent's estate.

Regarding the action in this light, and it can not be regarded otherwise, it seems very clear to us that the appellee's complaint did not state facts sufficient to constitute a cause of action in his favor, against the appellant, in this, that the complaint did not state that there were no debts nor claims outstanding against said decedent's estate. Indeed, it seems to us that in any view of this case it was necessary that the appellee should have averred, in his complaint, that there were no debts nor claims outstanding against said decedent's estate. Without such an averment, the appellee could not maintain a personal action for the recovery of his share of the decedent's estate; for, if there were unsatisfied debts or claims against

said estate, until those debts or claims were paid he would not be entitled to any share of said estate. Nor, without such an averment, could the appellee, if he had sued for the benefit of said estate, and not in his personal right, have maintained such an action; for such an averment would have been necessary, for the purpose of showing that he was "interested in the estate of the decedent," and the extent of such interest. If the decedent's estate was insolvent, the appellee could not possibly have any interest in said estate, simply as an heir; and if he had no interest in said estate, he could not maintain any action against the appellant, as an executor of his own wrong of said estate. The statute provides, that such an executor "shall be liable to an action * * * by any creditor or other person interested in the estate of the decedent." 2 R. S. 1876, p. 495, sec. 15.

In the case of *Leach* v. *Prebster*, 35 Ind. 415, it was held by this court, that an executor of a decedent might, under the statute cited, maintain an action against an executor *de son tort*. And so, also, an executor of his own wrong might be sued by the administrator of the decedent; for, "After the administration is granted, the power of an administrator is equal to, and with, the power of an executor." 2 Williams Executors, 6th Am. ed., p. 925.

The executor or administrator of a decedent is certainly "interested in the estate of the decedent," and, it seems to us, is a proper person to sue an executor *de son tort*.

Our statute provides, that such an executor may be sued by a creditor of the decedent; but, in the case of *Wilson* v. *Davis*, 37 Ind. 141, it was intimated by this court, and we think correctly, that where a creditor sues he should sue for himself and all other creditors of the decedent.

We have found no case, however, in which it has been held that the heir at law or next of kin, as such, of a decedent could maintain an action against an executor of his own wrong. The contrary doctrine was laid down by

Chancellor Walworth, in the case of *Muir* v. *The Trustees of the L. and W. Orphan House,* 3 Barb. Ch. 477, in which, it was held, that the next of kin of the decedent, simply as such, could not maintain a suit against an executor *de son tort;* but that, in such a case, the proper course for the next of kin was "to procure the appointment of an administrator, and have a suit instituted in his name, to recover the property from any person into whose hands it may have come; and who had converted it to his own use. *Babcock* v. *Booth,* 2 Hill, 181."

This is in accordance with the general doctrine, that the executor or administrator of a decedent can alone sue for and recover the personal property of the decedent, at the time of his death. This general doctrine is the recognized law of this State, with a single exception, viz.: It has been held by this court, in several cases, that where a person dies intestate, leaving no debts to be paid, and there is no administration of his estate, the heirs at law of such person may sue for a debt owing to such decedent at the time of his death.

In the recent case of *Schneider* v. *Piessner,* 54 Ind. 524, in which the previous decisions of this court on this subject are cited, it was held, that, "where the heirs of the creditor sue for the debt, the complaint should aver every fact necessary to give them a right of action and to recover the money. * * * The complaint must show by its averments that the heirs suing are entitled to the money. It is upon this ground that it is necessary to allege the non-existence of debts."

Following in the line of these authorities, we think it is clear, that the appellee should have averred in his complaint every fact necessary to show that he was entitled to the money sued for, or some part thereof. For the want of such necessary averment, as we have heretofore mentioned, we hold that the appellee's complaint did not state facts sufficient to constitute a cause of action, in his favor, against the appellant, as an executor *de son tort.*

Under the other errors assigned, the appellant's learned attorneys have discussed, in argument, several interesting questions. It is suggested, that the conveyance by appellant and his deceased wife to William H. Lawrence, mentioned in the complaint, was absolutely void and passed no title. That is true, under the facts stated in the complaint; but we fail to see how that fact can afford the appellant any defence to appellee's action. It may be, that, as against Lawrence, the appellee is entitled to the land conveyed, and that in good conscience he ought not to take both the land and the money; but that would be no defence for the appellant, in this action. What effect, if any, the appellee's acceptance of the money, or a part thereof, might have on his title to the land, is a question not now before us.

As the other questions presented by the record may not arise on another trial, we need not now consider or decide them.

The judgment of the court below is reversed, and the cause is remanded with instructions to sustain the demurrer to the complaint.