MOORE ET AL. *v.* THE BOARD OF COMM'RS OF MONROE CO.

SOLDIERS.—*Bounty.*—*Action for by Heirs.*—*Pleading.*—*Parties.*—*Capacity to Sue.*—*Decedents' Estates.*—In an action against a county board, the complaint alleged, that such board had made an order for the payment of a certain sum, as bounty, to each volunteer under a certain call for troops, upon the filling of the county's quota; the amendment of such order, making such bounty payable whether such quota was filled or not, on satisfactory proof to the county auditor of the enlistment and mustering in of the volunteer; that a person named had enlisted and been mustered in; that such order was subsequently repealed; that the volunteer had made the proof required, demanded his bounty, and been refused; that he had died intestate, leaving no debts; that no administra-

tion had been had on his estate, and all expenses of his last sickness and funeral had been paid; that the plaintiffs were his only heirs, had made such proof of enlistment, etc., and demanded payment, which had been refused.

*Held*, on demurrer, that the complaint is sufficient, and that the plaintiffs have the legal capacity to sue.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

Howk, J.—In this action, the appellants, as plaintiffs, sued the appellee, as defendant, in the court below.

In their complaint, the appellants alleged, in substance, that, on the 17th day of November, 1863, the appellee passed an order offering one hundred dollars' bounty to all persons who should enlist in the military service of the United States from Monroe county, which order was as follows:

" On motion, the said board, after mature deliberation and consultation with prominent citizens and tax-payers of Monroe county, agree to and do give to each volunteer from Monroe county, under the present call for one hundred and forty-three men, one hundred dollars each; the said amount, as bounty, to be paid in cash or county orders, upon the full quota being made up and mustered into the service of the United States."

That, at the December term, 1863, of the said board of commissioners, the said order, above set out, was amended to read as follows:

" On motion, it is ordered by the board, that the order made at the special term of this court, allowing one hundred dollars to each man volunteering under the late call of the President of the United States, whenever one hundred and forty-three men, the quota of Monroe county, shall be received and mustered into the service of the United States, be and the same is hereby amended, so that each man volunteering and being legally mustered into the service of the United States shall be entitled to,

and receive a warrant on the treasurer of Monroe county for, one hundred dollars; said warrant to be issued whenever satisfactory proof is made to the auditor, that said volunteer has been duly mustered into the service of the United States."

That, at the March term, 1864, of said board, being the 11th day of March, 1864, the said order and amended order were repealed, as follows:

" And now, on motion, it is ordered by the board, that the said order and amended order be and they are hereby repealed; and it is directed that no order or warrant be issued to any person who shall volunteer in the service of the United States, or who shall be mustered into said service after this date; signed, one o'clock, March 11th, 1864."

That, in accordance with said amended order, and by virtue thereof, and while the same was in force, to wit, on the 20th day of December, 1863, one Barton S. Everman enlisted and was duly mustered into the military service of the United States, and was credited to said county of Monroe; that, on the — day of ——, 1867, said Barton S. Everman died, leaving as his only heirs at law his widow, Mary Everman, now Mary Moore by intermarriage with Taylor Moore, and one child, Otis Everman; these were the only heirs of said decedent; that said Barton S. Everman was a corporal of Company G., 38th Regiment of Indiana Volunteers, and was duly discharged on the 15th day of July, 1865; that said bounty was due and remained unpaid; that, on the — day of ——, 1866, said Barton S. Everman demanded of the auditor of said county, after making satisfactory proof to him that he had been duly mustered into the military service of the United States, a warrant on the treasurer of said county for one hundred dollars; that the appellants, on the — day of December, 1869, demanded of said auditor of said county, after making satisfactory proof to him that said Barton S. Everman had been duly mustered

into the military service of the United States and credited to said county of Monroe, and that he had died without receiving said bounty, and that the appellants were his only legal heirs at law, a warrant for one hundred dollars on the treasurer of said county, which demand was refused; that no administration was ever granted on the estate of said Barton S. Everman, deceased; that, at the time of his death, he owed no one any thing, and his funeral expenses and all expenses of his last sickness were paid out of money he had on hand at the time of his death; that there were no debts against his estate, and that his personal property descended to his heirs, the appellants in this action.   Wherefore, etc.

To this complaint the appellee demurred, for the following grounds of objection:

1.   Because said complaint did not state facts sufficient to constitute a cause of action; and,

2.   Because the appellants had not legal capacity to sue.

The court below sustained the appellee's demurrer to the complaint, and to this decision the appellants excepted; and judgment was rendered on said demurrer, in favor of the appellee and against the appellants, for the costs of the action.

The decision of the court below, in sustaining the appellee's demurrer to their complaint, is assigned by the appellants as error in this court.

The appellants' complaint, in this cause, does not differ materially, in its averments, from the complaint in the case of *The Board of Comm'rs of Monroe Co.* v. *Wood,* 39 Ind. 345, in so far as the complaint in the case now before us has stated the facts which would have constituted a good cause of action against the appellee, in favor of said Barton S. Everman, deceased, if suit had been brought thereon by him, in his lifetime.  On the authority of the case cited, it seems very clear to us, that the complaint in this case has stated facts amply sufficient to

show that the said Barton S. Everman, at the time of his death, had a valid subsisting demand against the appellee for the bounty of one hundred dollars, described in said complaint.

The only question, therefore, remaining for decision in this case, may be thus stated : Under the facts stated in their complaint, were the appellants, as the heirs at law of said Barton S. Everman, deceased, entitled to sue, and maintain an action, for the said demand so due to said decedent, at the time of his death, from the appellee ? As a general rule, the right to sue for a debt, owing to a decedent at the time of his death, vests in his executor or administrator. But it has been held by this court, that, "where a party dies intestate, without debts to be paid, and no administration is had upon his estate," his heirs may sue for a debt due his estate. *Martin* v. *Reed*, 30 Ind. 218 ; *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156 ; *Bearss* v. *Montgomery*, 46 Ind. 544 ; *Schneider* v. *Piessner*, 54 Ind. 524 ; and *Ferguson* v. *Barnes*, 58 Ind. 169.

In the case at bar, we think that the averments of appellants' complaint show, with sufficient clearness and certainty, that the appellants were entitled, under the authorities cited, to sue, and maintain an action, for the bounty of one hundred dollars, described in their complaint.

In our opinion, the demurrer to the complaint should have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.