Salter *et al. v.* Salter *et al.*

Filed Dec. 11, 1884.

No. 11,438.   •

### SALTER ET AL. *v.* SALTER ET AL.

DECEDENTS' ESTATES.—*Parties.* — *Right of Distributees to Sue for Debts.*— *Heirs.*—Persons entitled to an estate by distribution may sue for demands due to an intestate, if there be no administration and no demands against the intestate.

SAME.—Such suit may be maintained against a debtor who is also a distributee, making defendants also such other distributees as refuse to join as plaintiffs.

From the Wayne Circuit Court.

*A. B. Young* and *T. J. Study*, for appellants.
*D. W. Comstock* and *C. H. Burchenal*, for appellees.

FRANKLIN, C.—This is a suit upon a note and mortgage executed by Edward J. Salter to his mother, Caroline Salter, now deceased. The suit is brought by appellants, as a part of the heirs of Caroline, against the maker of the note and mortgage, and certain other heirs who refused to be joined as plaintiffs.

The note and mortgage bear date July 1st, 1862, and are due in one year thereafter. A demurrer was sustained to the complaint, and judgment rendered for the defendant. The error complained of is the sustaining of the demurrer.

The complaint, after alleging the execution of the note and mortgage, substantially alleges that said Caroline Salter died on the 22d day of July, 1869, intestate; that one of the heirs, William H. Salter, died intestate since the death of his mother, leaving a widow and certain children; that no letters of administration were ever issued upon the estate of said Caroline, and that there were no debts or liabilities existing against said estate; that no letters of administration were ever issued upon the estate of the said William H. Salter; that on the petition of his widow his estate was declared worth less than $500, and all his estate was by the court decreed to said widow; that all of the heirs of both Caroline Salter and William H. Salter, and the husband of Caroline and the widow of William, were made parties to this suit.

The first objection urged against the complaint is that the heirs can not collect a debt coming to an estate of a deceased person; that there must be an administrator appointed and suit brought in his name.

It has been repeatedly held by this court, that where there are no debts against an estate, the heirs may collect debts coming to the estate without an administrator. See the cases of *Martin* v. *Reed,* 30 Ind. 218; *Walpole* v. *Bishop,* 31 Ind. 156; *Bearss* v. *Montgomery,* 46 Ind. 544; *Mitchell* v. *Dickson,* 53

Ind. 110; *Schneider* v. *Piessner,* 54 Ind. 524; *Ferguson* v. *Barnes,* 58 Ind. 169; *Moore* v. *Board, etc.,* 59 Ind. 516; *Westerfield* v. *Spencer,* 61 Ind. 339; *Church* v. *Grand Rapids, etc., R. R. Co.,* 70 Ind. 161; *Waltz* v. *Waltz,* 84 Ind. 403.

While these cases fully establish the doctrine that where a person dies intestate, leaving no widow, and no debts or liabilities exist against his estate, the heirs may maintain a suit to collect a debt coming to the estate; that it belongs to them. Still, appellee insists that these cases, in so far as they so hold, are wrong, and ought to be overruled. We see no necessity for incurring additional expenses of administration in such cases, and no good reason for overruling these cases; but, upon the contrary, think they are right, and ought to be followed and adhered to.

It is further insisted by appellee that there should have been an administrator of the estate of William H. Salter, and that he should have been made a party to the suit. The complaint shows that the proper court had decreed all his estate, both real and personal, to the widow; she and all his children were made parties to this suit, and there was no necessity for an administrator of his estate, or that such administrator should be a party. The decree of the court as to his property is final, and can not be attacked collaterally in this proceeding. The court had every person interested in the matter in dispute before it, and could make an equitable settlement and adjustment between the parties.

But it is further insisted by appellee that as the main defendant was also an heir, this suit can not be maintained by the other heirs; that the note and mortgage are held jointly by all of them, and that he is not liable to a suit thereon by the other heirs; wherefore the foregoing decisions do not apply to this kind of a case.

While it is true that the plaintiffs have no right to recover from the payor his share and interest in the note and mortgage, nor the shares and interest of the other heirs that refused to join as plaintiffs and were made defendants; yet all

the parties interested were before the court, and we see no good reason why the court could not apportion the shares so as to allow the plaintiffs to recover the shares that belong to them.

If they can not recover the full amount they claim, still we think the complaint shows a sufficient cause of action in the plaintiffs to recover some amount, and that the court erred in sustaining the demurrer to the complaint, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.

