Finnegan v. Finnegan.

Filed Oct. 7, 1890.

---

No. 14,453.

FINNEGAN v. FINNEGAN.

DECEDENTS' ESTATES.—*Money Due Estate.*—*Action by Heir For.*—*Letters of Administration.*—*What Must be Averred as to.*—*Complaint.*—A complaint by an heir for the recovery of a debt alleged to be due the estate is defective if it fails to aver that no letters of administration had been granted upon the estate. Allegations in the complaint that the decedent died intestate, leaving no widow, and that the debts due from his estate at the time of his death have all been paid, will not suffice.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray,* for appellant.

*D. Fraser,* for appellee.

COFFEY, J.—The appellee, as one of the heirs at law of Patrick Finnegan, deceased, filed his complaint in the Benton

Circuit Court against the appellant and the other heirs of the said Patrick Finnegan, deceased.

The complaint consisted of two paragraphs. The court sustained a demurrer to the first paragraph of the complaint, and as no question is made upon this ruling it needs no further notice.

The second paragraph alleges, substantially, that the appellee is one of the heirs at law of Patrick Finnegan, Sr., deceased, who died intestate in Benton county, Indiana, in the month of April, 1880; that said Patrick Finnegan left surviving him as his sole heirs at law the appellee, Peter Finnegan, the appellant, Bernard Finnegan, Patrick Finnegan, Ann Christy and Mary Rhodahan, all of lawful age; that the other heirs of the said Patrick, deceased, refuse to join with the appellee in the prosecution of this suit; that the said Patrick Finnegan, deceased, left no widow surviving; that at the time of his death he owed no debts except such debts as were incident to his last sickness, death and burial, which have long since been paid out of his estate; that at the time of his death the appellant, Bernard Finnegan, was indebted to the said Patrick in the sum of one thousand dollars, evidenced by certain promissory notes, the amount of each, and the date and number of which are unknown to appellee, executed by the said Bernard to the said Patrick, deceased, on or about April, 1879, which said notes bore interest at the rate of eight per cent. from date; that said notes are past due, and that the appellant, for the purpose of overreaching the appellee and the other heirs of the said Patrick Finnegan, deceased, took possession of said notes and now has the same in his possession, or has put the same beyond the reach of the appellee, so that no copies thereof can be filed with the complaint; that the same are due and unpaid, and that the appellee is entitled to recover the full sum of one-third thereof.

To this complaint the court overruled a demurrer, and the appellant excepted.

The three first errors assigned by the appellant call in question the sufficiency of the complaint.

It is contended by the appellant that the complaint is radically defective, in that it fails to allege that no letters of administration have been granted on the estate of Patrick Finnegan, deceased, to whom the notes in suit were executed.

On the other hand, it is contended by the appellee that it is sufficient to allege that Patrick Finnegan died intestate, leaving no widow, and that the debts due from his estate at the time of his death have all been paid.

An examination of the adjudicated cases in this State will disclose the fact that no complaint of the class now under consideration has ever been held sufficient without an allegation that no letters of administration had been granted upon the estate of the deceased. *Moore* v. *Board, etc.*, 59 Ind. 516; *Stebbins* v. *Goldthwait*, 31 Ind. 159; *Mitchell* v. *Dickson*, 53 Ind. 110; *Martin* v. *Reed*, 30 Ind. 218; *Bearss* v. *Montgomery*, 46 Ind. 544; *Williams* v. *Riley*, 88 Ind. 290; *Begien* v. *Freeman*, 75 Ind. 398; *Ferguson* v. *Barnes*, 58 Ind. 169; *Schneider* v. *Piessner*, 54 Ind. 524.

The general rule is that an administrator or executor alone can maintain an action for the recovery of the personal property of a deceased person, or for the recovery of a debt due to his estate at the time of his death. That rule prevails in this State with the single exception that where there is no administrator or executor to prosecute the action, and no debts to be paid by the estate, the heirs may prosecute the action. *Ferguson* v. *Barnes, supra*.

In such an action by the heirs the complaint must allege every fact necessary to give a right of action to recover the debt for which the action is prosecuted. *Schneider* v. *Piessner, supra*.

From the granting of letters to the executor or administrator the personal property and choses in action of the deceased are, in a sense, in the custody of the law, and subject to the orders and control of the court. To permit the heirs

to prosecute actions for the recovery of the debts due to the ancestor while there was an acting executor or administrator, would result in the utmost confusion. Persons indebted to the estate would be at a loss to know who was entitled to receive and receipt for the money due the estate, and the court would, in many cases, experience much difficulty in ordering a proper distribution, the amount due to each heir depending upon the amount collected by those entitled to the estate. Our attention has not been called to any case, and we know of none, where the heir has been permitted to prosecute a suit for the recovery of a debt due the estate while there was an acting administrator.

For a failure to allege that no letters of administration had been granted upon the estate of Patrick Finnegan the complaint before us is, in our opinion, fatally defective.

Having reached the conclusion that the complaint is fatally defective, it becomes unnecessary to examine the other questions discussed by counsel in their respective briefs. Should there be another trial of the cause these questions may not arise again.

Judgment reversed, with directions to the circuit court to sustain the demurrer to the complaint.

Filed Oct. 8, 1890.