### Hall *v.* Brownlee et al.

[No. 4,047.    Filed January 10, 1902.]

Pleading.—*Carrying Demurrer to Answer Back to Complaint.*—A demurrer to an answer reaches back to the complaint whether the complaint is objected to or not, and must be sustained, not to the answer, but to the complaint, if the complaint does not state facts sufficient to constitute a cause of action.  *p. 181.*

Appeal and Error.—*Assignment of Error.*—*Failure to Carry Demurrer to Answer Back to Complaint.*—An assignment that the court erred in not carrying plaintiff's demurrer to defendant's answer back to the complaint, and sustaining same to the complaint, is sufficient to present the question on appeal as to whether the complaint states a cause of action.  *pp. 181, 182.*

Descent and Distribution.—*Action by Heir for Debt Due Ancestor.*—In an action by an heir to recover a debt due the ancestor it is necessary to allege and prove that the debts of the ancestor have been paid, and the estate settled, or that no letters of administration have been granted.  *p. 183.*

Same.—*Action by Heir for Debt Due Ancestor.*—*Complaint.*—*Debts of Ancestor.*—An averment in a complaint in an action by an heir to recover a debt due the ancestor that the ancestor died leaving no debts is insufficient, since a debt may occur after the death of the ancestor.  *p. 183.*

Same.—*Action by Heir for Debt Due Ancestor.*—*Complaint.*—A complaint by an heir for the conversion of property bequeathed to his ancestor which fails to show that the ancestor ever acquired a vested estate in the property bequeathed is insufficient.  *pp. 183, 184.*

From Gibson Circuit Court; *O. M. Welborn*, Judge.

Action by Paul S. Brownlee and others against John B. Hall for damages for the conversion of a legacy. From a judgment for plaintiffs, defendant appeals.  *Reversed.*

*C. A. Buskirk* and *J. W. Brady*, for appellant.
*A. P. Twineham* and *C. M. McRoberts*, for appellees.

Comstock, C. J.—The complaint is in one paragraph. Its material averments are as follows: That one Samuel Hall departed this life, testate, at Gibson county, Ind., in May, 1862; and by his last will bequeathed to his son Walter M. Hall $3,000 in bonds on Vanderburg county, worth their face value and bearing 6 per cent. interest per annum; that, by the further terms of said will, said bonds were to be held by the defendant John B. Hall, another son of the testator, in trust, for Walter, and at the death of Walter, in the event of his death without issue, the principal of said bonds was to be paid to the children of Catherine Hall by William P. Hall, another son of the testator theretofore deceased; that, further, by the terms of said will, there was to be paid to the said children of Catherine and William P. Hall, one-half of the yearly interest on said bonds, amounting to $90 a year; that the children of Catherine Hall by William P. Hall, above referred to, were Sally G. Hall, Maria Hall, and Samuel Hall, Jr.; that said Samuel Hall, Jr., died on the — day of October, 1869, leaving no wife, child, or debts, and leaving, as his heirs and only heirs at law, his mother, the said Catherine Hall, and his two sisters, the said Sally G. and Maria Hall; that afterward said Sally G. Hall intermarried with the plaintiff Charles Brownlee, and departed this life on the — day of May, 1879, leaving, as her heirs and only heirs at law, her said husband, and the plaintiffs, Paul and Theresa Brownlee, her children; that afterward said Maria Hall intermarried with the plaintiff Charles Brownlee, and departed this life on the — day of May 1887, leaving as her heirs and only heirs at law, her said husband and one child, the plaintiff Cornelia; that neither said Sally (Hall) Brownlee nor said Maria (Hall) Brownlee, left any debts at her death, and that no administration was had on the estate of either of them; that the said Walter M. Hall was never married, and

died, intestate, at Gibson county, Indiana, on the 31st day of May, 1897. The will of Samuel Hall is made a part of the complaint by exhibit.

The defendant answered by general denial and affirmatively in three other paragraphs. Demurrers of the appellee to the second, third and fourth paragraphs of answer were sustained for want of sufficient facts. This put the case at issue. A fifth paragraph of answer was afterward filed, but no question is presented thereon upon this appeal. A trial by the court resulted in a judgment in favor of appellees for $3,430 and costs. The first, second, and third specifications of error challenge the correctness of the court's ruling in sustaining, respectively, the demurrers to each of the second, third, and fourth paragraphs of answer. The fourth is that "the court erred in not carrying plaintiff's demurrer to each separately of the second, third, and fourth paragraphs of the defendant's answer back to the amended complaint, and sustaining the same to said amended complaint."

Counsel for appellant argue first the fourth specification of error, and insist that the demurrers should have been carried back and sustained to the complaint, which it is claimed failed to state facts sufficient to constitute a cause of action.

Counsel for appellees contend that this is not a proper assignment of error under §346 Burns 1901, §343 R. S. 1881, which provides: "Where any of the matters enumerated in section eighty-five [§339 R. S. 1881, §342 Burns 1901] do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action: Provided, however, That the objection that the action was brought in the wrong

county, if not taken by answer or demurrer, shall be deemed to have been waived."

Counsel insist that an assignment under this section of the statute is required to conform strictly to its provisions, and that the specification in question does not so conform. In support of this claim, the case of *Galvin v. Britton*, 151 Ind. 1, is cited. In that case the assignment is that the amended petition of the administratrix does not state facts sufficient to entitle her to the relief prayed. The Supreme Court held that the assignment did not respond to the requirements of the exceptions provided for by §346 (343), *supra*, and that where a complaint is challenged for the first time in the Supreme Court on the ground that it does not state facts sufficient to constitute a cause of action, the assignment of error will be required to conform strictly to its provisions. The rule thus laid down clearly applied to the assignment then under consideration. The objection to the complaint attempted to be raised by appellant is that it does not state facts sufficient to constitute a cause of action. A failure to demur to the complaint does not, under the statute, waive that objection. §346 Burns 1901, 343 R. S. 1881, *supra*. The rule is founded upon the ground that one who has no cause of action is not entitled to judgment.

A demurrer to an answer reaches back to the complaint whether the complaint is objected to or not, and must be sustained, not to the answer, but to the complaint, if it does not state facts sufficient to constitute a cause of action. Woollen Trial Proc. §1708, and cases cited. The rule must be regarded as settled under our practice.

As to the form of the fourth specification, we are of the opinion that it must, under *Stockwell v. State ex rel.*, 101 Ind. 1, be held to be sufficient. In the opinion in that case it is said, at page 16: "One of the assignments of error by this appellant is that the court below erred in sustaining the demurrer to the third paragraph of answer. This assignment brings in question the sufficiency of that paragraph of

answer, and requires an examination of it, but it does not require an examination of the complaint, or call in question its sufficiency. The statute requires that the errors relied upon shall be *specifically* assigned. §655 R. S. 1881. That the assignment of errors must be specific and definite, and that the questions to be considered here will be limited by the assignment, has been many times ruled by this court. *Kimball* v. *Sloss*, 7 Ind. 589; *King* v. *Wilkins*, 10 Ind. 216; *Ruffing* v. *Tilton*, 12 Ind. 259; *McCallister* v. *Mount*, 73 Ind. 559; *Board, etc.,* v. *Byrne*, 67 Ind. 21; *Williams* v. *Riley*, 88 Ind. 290. It is very clear that the complaint can not be examined, or passed upon, under this assignment of error. To make the question which this appellant seeks to make, he should have assigned as error, that the court below erred in not carrying the demurrer back, and sustaining it, to the complaint."

Counsel for appellees, while conceding that a demurrer to an answer reaches back and tests the complaint, maintain that this is not with the same strictness that a demurrer primarily directed to the complaint would be considered; quoting from *McIntosh* v. *Zaring*, 150 Ind. 301, at p. 312: "The right to carry the demurrer back to and sustain it to the complaint depends entirely on whether the facts stated in the answer as an objection to the complaint, and admitted by the plaintiff's demurrer to said answer, can be considered as a part of the facts on which the complaint rests."

It is insisted that the facts stated in the defendant's answer were not a part of the facts on which the complaint rests, and can not therefore be considered, and that the lower court did not err in sustaining the demurrer to the answer to the complaint. The quotation from the opinion in *McIntosh* v. *Zaring, supra,* is applicable to cases where the ground for the demurrer is not apparent upon the face of the complaint. In such cases the objection (except for misjoinder of causes) may be taken by answer. §346 Burns 1901. In the case before us, the defects objected to are apparent on the face of the complaint.

This brings us to the consideration of the sufficiency of the complaint. Plaintiffs sue as the only heirs at law of Sally G. (Hall) Brownlee, Maria (Hall) Brownlee and Samuel Hall, Jr., all deceased, who were the children of Catherine Hall by William P. Hall mentioned in the will. An objection made to the complaint is that it fails to allege that no administration has been had upon the estate of Samuel Hall, Jr., nor is it alleged that there has been an administration and final settlement of his estate. Catherine Hall claims only as an heir of her son Samuel, Jr., her daughter Sally G. and Maria each leaving a surviving husband and child or children.

Where an action is brought by an heir to recover a debt due an ancestor, it is necessary to allege and prove that the debts of the ancestor have been paid, and the estate settled, or that no letters of administration have been granted. *Finnegan* v. *Finnegan*, 125 Ind. 262. So long as there is an administrator, he is entitled to recover all debts due the estate, the claims of creditors being superior to the rights of heirs. A cause of action in favor of Catherine is not stated. Such defect is reached by demurrer for want of facts. *Berkshire* v. *Shultz*, 25 Ind. 523; *Davenport* v. *McCole*, 28 Ind. 495; *Goodnight* v. *Goar*, 30 Ind. 418; *Debolt* v. *Carter*, 31 Ind. 355; *Fatman* v. *Leet*, 41 Ind. 133; *Neal* v. *State ex rel.*, 49 Ind. 51.

The allegation as to the debts left by the said Hall, Jr., is "died leaving no debts." It is also alleged that neither Sally G. nor Maria "left any debts at their death." A liability against an estate may occur after the death of the decedent. In this liability creditors are as much interested as in debts incurred by the decedent during his lifetime.

It is further objected that the complaint fails to aver that either of the children of Catherine Hall died intestate, and fails to state any facts which show that the children of Catherine Hall ever acquired any vested estate or ownership in the funds bequeathed to Walter M. Hall. In *Salter* v. *Salter*, 98 Ind. 522, cited by appellees, the court recognizes the

rule that, where a person dies intestate, leaving no debts, and no liabilities exist against his estate, the heirs may maintain a suit to collect a debt coming to the estate.

Appellees contend that, while it is not alleged in so many words that the children of Catherine Hall died intestate, yet the averments show with sufficient clearness that the appellees were entitled to maintain an action for the proper construction of the will of Samuel Hall, and for the legacy devised to them by the second clause thereof. A complaint must proceed upon a definite theory, and that theory is to be determined from the general scope and averments of the pleading. Judged by this rule, appellees sue for damages for the conversion of the legacy which they claim appellant should have paid to them.

In *Schneider* v. *Piessner*, 54 Ind. 524, the Supreme Court say: "In our opinion, where the heirs of the creditor sue for the debt, the complaint should aver every fact necessary to give them a right of action and to recover the money. It is not sufficient to show that there are no debts to be paid. The complaint must show by its averments that the heirs suing are entitled to the money." The same language is employed in *Williams* v. *Riley*, 88 Ind. 290. See, also, *Begien* v. *Freeman*, 75 Ind. 398.

While the construction of the will is an incident to the determination of the rights of appellees, it is not the gist of the action, and the theory of the complaint is manifestly for conversion. The complaint does not show a right to recover upon that theory, and is not sufficient. The defects of the complaint are not technical. To entertain a suit when the right of the plaintiff is doubtful is to invite complications. We are precluded from considering the other questions presented by the appeal.

The judgment is reversed, with instructions to the trial court to carry back and sustain to the complaint the demurrers filed to the second, third, and fourth paragraphs of answer.