Elliott, J.
— Matthew D. Cook instituted this action against the appellant, and stated his cause of action substantially as follows : That John Bramwell died on the 2d tkvy of August, 1878 ; that the deceased in his lifetime was .indebted to the appellee in the sum of fifty dollars ; that the *352 said Bramwell died the owner of personal property of the value of $336.20 ; that the appellant unlawfully intermeddled therewith, and appropriated it to his own use.
The court did wrong in overruling the demurrer addressed to appellee’s complaint by the appellant. The complaint is insufficient, for the reason that it does not affirmatively show that there was personal property which the creditors of the deceased were entitled to have go into the hands of an ad-r ministrator. The deceased may have had the property mem tioned in the complaint, and yet the creditors have had no right to a dollar of it. It by no means necessarily results that, because a man dies the owner of personal property of less value than five hundred dollars, it must go to an administrator, and be distributed to the creditor’s of the decedent. We can not infer from the fact that the deceased died the owner of personal property of less than five hundred dollars in value, that, therefore, the creditors are entitled to it. There is a premise wanting, without which the conclusion would be entirely unwarranted. It is the business of the pleader to state such premises as warrant the deduction of liability as a matter of law, and courts have no power to supply the omitted premise. The conclusion which we have reached in the present case is substantially the same as that declared in Ferguson v. Barnes, 58 Ind. 169, where Howe, J., speaking for the court, said: “We think it is clear, that the appellee should have averred in his complaint every fact necessary to show that he was entitled to the money sued for, or some part thereof.”
The statute provides that an executor de son tort shall be liable to the “extent of the damages” caused by his unlawful intermeddliug. 2 R. S. 1876, p. 495, sec. 15. This is the measure of the liability, for, as the statute specifically provides a remedy, and marks out the limits of the liability, there is no other remedy, and no other liability, than that created by the statute. The person v'ho brings the action *353 must, therefore, show some damage, for, under this statute, there is no liability beyond the extent of the damage resulting from intermeddling. A creditor can only show damage by showing that the property intermeddled with was such as an administrator would be entitled to take possession and control of. In the absence of affirmative averments, we can not presume that there was any damage resulting from the act charged against the appellant. For anything that appears, the property never could have rightfully gone into the hands of an administrator.
The court below erred in rendering judgment against the appellant for a specific sum of money. In such a case as the present, the creditor is not entitled to the ordinary quod recuperet judgment. The proper judgment is that the inter-meddler shall account to the court of probate jurisdiction for the full value of the property intermeddled Avith, and ten per centum thereon. As Avas said in McCoy v. Payne, 68 Ind. 327, “The liability of such an executor is not to the decedent’s creditor, but to the decedent’s estate and his personal representatives; and, although the creditor may sue such an executor, he can not recover a personal judgment for his debt, against the executor, but can only compel him to account for the full value of the decedent’s property, with which he has unlawfully intermeddled, ‘with ten per centum thereon.’ ”
Judgment reversed, at costs of appellee.