No. 8334.

## Kahn et al. *v.* Tinder et al.

DECEDENTS' ESTATES.—*Devastavit.*—*Pleading.*—In an action by a creditor of an estate against one who, it was alleged, had wrongfully intermeddled with the property of such estate, the complaint must affirmatively show that the creditors of such estate are entitled to have the property go into the hands of an administrator.

SAME.—*Answer.*—*Right of Widow.*—In such case, an answer, that the property of the estate did not exceed in value $500, and was by the widow of the decedent, in anticipation of an order setting it off to her, transferred to the defendant for value, is sufficient.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellants.

*T. J. Cofer* and *N. M. Taylor*, for appellees.

BEST, C.—The appellants brought this suit, averring in their complaint, in substance, that William W. Kendall died intestate, on the 10th day of August, 1879, indebted to the appellants Henry Kahn and Lee R. Kahn, in the sum of $72.33, and to the appellant Charles Ruckersfeldt, in the sum of $84.08 ; that no administration had been granted upon said estate, and since the death of said decedent the appellees had intermeddled with, and appropriated to their own use, personal property belonging to the estate, of the value of $500.

The appellees answered at great length. The substance of the first paragraph is, that the appellee Tinder sold the greater part of the property mentioned in the complaint to the decedent and one H. B. Kendall ; that they executed to said Tinder a chattel mortgage upon said property on the 28th day of May, 1877 ; that afterward H. B. Kendall sold his interest in said property to the decedent, and that the appellee Tinder transferred said mortgage to his co-appellee ; that the decedent left surviving him his widow, Mary E. Kendall, who filed her petition in the proper court that said estate was worth less than $500 ; that the property was appraised at $346.70, and was, on the 22d day of September, 1879, ordered by the court to be delivered to such widow ; that after the appraisement, but before the final order and in anticipation thereof, the widow delivered to Bousman the property embraced in the mortgage in payment of the same, and sold the residue thereof to him for $100, and that said Tinder did nothing with said property except as the agent of said Bousman.

A demurrer for want of facts was overruled to this paragraph of the answer, and this ruling presents the only question in the record.

This ruling was right. The facts averred showed very clearly that the property in question was not liable to be made assets for the payment of the decedent's debts. It amounted to less than $500, and, by statute, the widow was entitled to it without administration. The fact, that it was transferred to and received by Bousman before it was ordered delivered to the widow, did not constitute a cause of action in favor of the appellants. They were not injured by such transfer, because they had no right to have such property go into the hands of an administrator. The transfer, at most, was but premature; yet, if the widow is satisfied with the disposition made of the property, the appellants certainly have no right to complain.

Again, the answer was good because the complaint was bad. It did not affirmatively appear from the complaint that the creditors of the decedent were entitled to have the property go into the hands of an administrator, and for that reason it was insufficient. *Goff* v. *Cook*, 73 Ind. 351.

There was no error in the ruling, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at appellants' costs.