Lotz, J.
The appellee, as a creditor of the estate of John Newcomb, deceased, brought this action against the appellants as administrators de son tort, charging them with having converted a large amount of personal property belonging to said estate to their own use. The appellants filed .an answer in denial and also special answers, in which they alleged that they took possession of the property on account of the breach of the conditions of a chattel mortgage executed by Newcomb in his lifetime.
The issues joined were tried by a jury, which returned a general verdict for appellants. The jury also returned answers to interrogatories, from which it appears that the property had been removed from Knox county, Indiana, to the State of Illinois, without the consent of the appellants; that the property taken possession of hy the *476 appellants was of the value of $338, and that the appellants took possession of logs of the value of $18, and corn of the value of $7.50, which were not included in said mortgage.
The appellants moved for a judgment in their favor on the general verdict. This motion was overruled, and the court rendered judgment on the special findings in favor of the appellee in the sum of $28.05, being the value of the logs and corn, with ten per centum thereon.
The overruling of the motion for judgment on the general verdict is one of the errors assigned.
The general verdict must control unless it affirmatively appears that the facts specially found are irreconcilably in conflict with it. Evansville, etc., R. R. Co. v. Marohn, 6 Ind. App. 646.
Before the appellee was entitled to a judgment, he was bound to prove, and the jury was required to find, that he was a creditor of the estate of John Newcomb, deceased, and that the property converted by the administrators de son tort was such property as the creditor had the right to have placed in the hands of an administrator to make assets for the payment of debts. Kahn v. Tinder, 77 Ind. 147; Goff v. Cook, 73 Ind. 351; McCoy v. Payne, 68 Ind. 327; Ferguson v. Barnes, 58 Ind. 169.
The general verdict in favor of the appellants, under the issues joined, carried with it the necessary inference that they were not creditors of the estate of John New-comb. There is nothing in the answers to the interrogatories that indicates or even tends to show that the appellee was a creditor. The most that can be said for them is that they show that the appellants were indebted to the estate.
The evidence is not in the record, but if it were we *477 could not look to it to aid us in determining the question before us. Cox v. Ratcliffe, 105 Ind. 374.
Filed Jan. 8, 1895.
The special findings were insufficient to support a judgment for the appellee, nor are they sufficient to override the general verdict.
For the error in overruling the motion for judgment on the general verdict, the cause must be reversed.
Judgment reversed, with instructions for further proceedings in accordance with this opinion.