No. 9923.

COLLIER v. JONES, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Executor de son Tort.*—*Appointment of Administrator.*—*Answer in Abatement.*—*Demurrer.*—In a suit by the administrator of a decedent's estate against an executor *de son tort* of the same estate, an answer in abatement, to the effect that the administrator had been appointed by the clerk, and his appointment had not been confirmed by the court at the commencement of the suit, is bad on demurrer.

Collier *v.* Jones, Administrator.

SAME.—*General Denial.*—*Argumentative Denial.*—*Demurrer.*—*Harmless Error.* —In such a suit, where the general denial is pleaded, the error of the court, if it be such, in sustaining a demurrer to a paragraph of answer which is merely an argumentative denial of the complaint, is harmless, and is not available for the reversal of the judgment.

SAME.—*Payment.*—In such a suit, a plea of payment is not a proper answer, and sustaining a demurrer thereto, if erroneous, is harmless.

From the Warren Circuit Court.

*W. P. Rhodes* and *M. Milford,* for appellant.

*J. M. Rabb* and —— *McAdams,* for appellee.

HOWK, J.—This was a suit by the appellee, as administrator of the estate of Ellen Collier, deceased, against the appellant, as executor *de son tort,* of the same estate. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing his recovery at $130.75, with ten per cent. in damages. Over the appellant's motion for a new trial the court rendered judgment on the verdict.

The first error complained of by the appellant is the decision of the court in sustaining the demurrer to his answer in abatement. In this answer appellant alleged, in substance, that this suit was commenced by the appellee, before his appointment as administrator of his decedent's estate had been approved by the court; that letters of administration on such estate were issued to the appellee by the clerk of the court, on the 26th day of June, 1881, in vacation; and that such letters had not yet been acted on or approved by the court. Wherefore he demanded that the suit abate.

This answer was clearly insufficient. In section 15 of the act of June 17th, 1852, providing for the settlement of decedents' estates (sec. 2258, R. S. 1881), it was provided that an executor of his own wrong shall be liable to an action " by any creditor or other person interested in the estate of the decedent." In *Ferguson* v. *Barnes,* 58 Ind. 169, it was said : " The executor or administrator of a decedent is certainly ' interested in the estate of the decedent,' and, it seems to us, is a proper person to sue an executor *de son tort.*" *McCoy* v. *Payne,*

68 Ind. 327. In the statute in force on and since September 19th, 1881 (sec. 2258, R. S. 1881), for the settlement of decedents' estates, it is expressly provided that "such action may be brought by the executor of the decedent or the administrator of his estate (or, if there be none such, then by any creditor or heir of the decedent), and shall be for the use of the estate of the decedent."

But the appellant's counsel say: "The appellee did not. become the administrator until his appointment as such was approved and confirmed by the court, which, the answer says and the demurrer admits, was at a time *after* the commencement of his suit." This point is not well taken. In section 7 of the aforesaid act of June 17th, 1852, in force at the time, it was provided that "the proper clerk or court * * * shall grant letters of administration," etc.; and section 17 of the same act provided as follows: "Such letters, issued from a court of competent jurisdiction, shall be conclusive evidence of the authority of the person to whom they are granted, until superseded or revoked, and shall extend to all the decedent's estate." Whether the letters were granted by the court or by the clerk, they were issued from the court. The demurrer to the answer in abatement was correctly sustained.

The appellant answered in four paragraphs, in bar of the action. Of these paragraphs the first was a general denial, and each of the other three stated a special or affirmative defence. The appellee's demurrers, for the alleged want of facts, were sustained as to each of the second, third and fourth paragraphs of answer, and these rulings are here assigned as error.

The appellee alleged in his complaint that his decedent, at the time of her death, was the owner of certain articles of personal property, specifically describing them, "all of which property," appellee averred, "the defendant wrongfully and unlawfully seized upon and refused to deliver up to the plaintiff, upon reasonable request, and has since converted the same to his own use. Wherefore," etc.

Collier v. Jones, Administrator.

In the second and third paragraphs of his answer the appellant alleged facts which were inconsistent with the averments of the complaint; and each of the paragraphs was, therefore, merely an argumentative denial of the allegations of the complaint. As the general denial was pleaded by appellant, under which he might have given in evidence every material fact stated in either the second or third paragraphs of his answer, we are of the opinion that the error of the court in sustaining the demurrer to those paragraphs was harmless, and such an error is not available for the reversal of the judgment.

The fourth paragraph of answer was as follows: " For a further answer the defendant says that he fully paid to and for the said Ellen, his deceased wife, and to the plaintiff herein, before the commencement of this action, all debts and liabilities on account of the matters and things set forth in the complaint in this suit. Wherefore he demands judgment for costs, and all proper relief."

Appellant's counsel correctly call this fourth paragraph of answer "a square plea of payment;" and, therefore, we think that the demurrer thereto was properly sustained. The action is purely statutory. The complaint charged that appellant had unlawfully intermeddled with the estate of appellee's intestate, by seizing and converting to his own use certain specified articles of personal property, which the intestate owned at the time of her death. This charge was either true or false; and the appellant denied it. Under this denial he could have given in evidence every conceivable fact which would tend to show the falsity of the charge. If the charge was true he was liable to the statutory action. It seems to us that " a square plea of payment" is not a proper answer, in such a case.

In the motion for a new trial the only causes assigned therefor were that the verdict was not sustained by sufficient evidence and was contrary to law, and that the damages assessed were excessive. We can not, as an appellate court,

disturb the verdict of the jury for, either of these causes. There is evidence in the record tending to sustain the verdict, and we can not say that the damages were excessive.

The judgment is affirmed, with costs.