THE INDIANAPOLIS AND VINCENNES RAILROAD COMPANY v. NEWSOM.

ASSESSMENT OF DAMAGES.—*Application for.—Description of Property in.— Demurrer.—Railroad Company.*—In a proceeding by the owner of land for the assessment of damages against a railroad company which had constructed its road across his farm, the application particularly described the whole tract of land, but that part of it occupied by the defendant's road was described as "extending diagonally through said tract of land, from a point near the north-east corner to a point near the south-west corner."

*Held,* that such description is fatally defective, and a demurrer for want of sufficient facts to such application, to the writ issued thereon, and to the assessment made, should be sustained.

SAME.—*Same.—Material Averments.—Railroad Company.*—In a proceeding for the assessment of damages, under the forty-first article of the practice act of this state, for land taken and used by a railroad company in the construction of its road, the application must aver such taking and refer to the law authorizing such taking.

From the Owen Common Pleas Court.

*C. M. Allen* and *A. G. Cavens,* for appellant.

*E. E. Rose* and *H. Burns,* for appellee.

HOWK, J.—Under the provisions of the forty-first article of our code of practice, the appellee made an application in writing to the court of common pleas of Greene county, Indiana, for a writ of assessment of damages. 2 R. S. 1876, p. 281, *et seq.*

Omitting the venue, the style of the court, the title of the cause and the signatures of counsel, this application was as follows:

"The said plaintiff represents to the court, that he is the owner in fee simple of the north-west quarter of section six, in township seven north, of range five west, in Greene county, and other lands adjoining thereto, on which lands he has a farm; that the defendant has erected on said tract of land a railroad embankment, said embankment extending diagonally through said tract of land, from a point near the north-east corner to a point near the south-west corner; that said defendant failed to make proper culverts for the escape of water from said land, and thereby threw large quantities of water over said land; that defendant, by building said embankment, filled up a ditch that was constructed by plaintiff to drain said land, and thereby causes great injury by overflow; that defendant failed to construct proper and sufficient cattle-pits, and has thereby exposed the farm of plaintiff to great damage by cattle, hogs, sheep and horses; that defendant has unnecessarily thrown down the fences of plaintiff, in the construction of said railroad embankment, and put plaintiff to great expense in putting up and keeping up said fences; that by reason of said injuries, the plaintiff has sustained damages to the amount of three thousand dollars. This application is made under the law, in article 41, of 2 R. S. 1876, p. 287, on the subject of the assessment of damages. Wherefore plaintiff asks for a writ of assessment of damages herein, and for general relief in the premises."

Upon the filing of this application or petition in the court of common pleas of Greene county, a writ of assessment of damages was issued thereon to the sheriff of said county; and an inquest was had, signed and returned to the clerk of said court. Afterwards, on appellant's motion, the writ and inquest were set aside; and it was ordered by the court, that a new writ be issued, which was done accordingly. Upon the return of this new writ, with the inquest held by the sheriff thereunder, appellant, by its counsel, appeared specially thereto, and moved the

court in writing to quash said writ, which motion was overruled. And appellant then moved the court in writing to set aside the said assessment of damages, which motion was overruled, and appellant excepted. And thereupon appellant demurred to the application, writ and assessment of damages, upon the ground that the same did not state facts sufficient to constitute a cause of action; which demurrer was overruled, and appellant excepted. And appellant then filed exceptions in writing to the application, writ and assessment of damages, which exceptions were overruled, and appellant excepted. And appellant answered, in seven paragraphs, the application and writ of the appellee; and appellee demurred to each of the paragraphs of the answer, except the first, and the court overruled the demurrer to the second paragraph of the answer, and sustained the demurrers to each of the other paragraphs, and exceptions were saved to each of said decisions. And appellee replied, in denial, to the second paragraph of the answer. And the cause being at issue, on appellant's motion, the venue thereof was changed from the Greene common pleas court to the court below. In this latter court, a trial was had by the court, which resulted in a finding for appellee against appellant, for a certain amount of damages. And appellant moved the court below for a new trial, which motion was overruled, and appellant excepted, and judgment was rendered upon the finding, and from this judgment of the court below, this appeal is now prosecuted.

In this court, appellant has assigned twelve different alleged errors, but the view we have taken of this cause will render it unnecessary for us to notice or consider any but one of these alleged errors, and that is the third error in number, the error of the court below, in overruling appellant's demurrer to the appellee's application, and the writ and assessment of damages.

As before stated, the proceedings in this cause were instituted and prosecuted under the provisions of the forty-

first article of our code of practice, *supra*. The particular section of the practice act, which authorized the appellee to institute this suit and gave him the benefit of the writ of assessment of damages, was section 710, which reads as follows:

"SEC. 710. Any person having an interest in any land which has been or may be taken for any such public work, may have the benefit of this writ upon his own application, made as above provided, upon which like proceedings shall be had as in case of applications made by the corporation, company, or person prosecuting the work." 2 R. S. 1876, p. 289.

It will be seen from this section, that application of the party must be made as above provided; that is, as is provided in section 707 of the practice act, which is in these words:

"SEC. 707. Such person, corporation, or company may file an application for a writ in the circuit court, or court of common pleas, or in vacation in the office of the clerk thereof, setting forth the precise description of the real estate desired to be taken, the names of the persons interested therein, making them defendants, and the purposes to which the same is to be converted, and refer to the law which authorizes the taking of the property * * *." 2 R. S. 1876, p. 288. The remainder of this section relates to the issuing of the writ and its contents.

We have set out the appellee's application at length, in this cause, and by reference thereto it will be seen at a glance, that this application was radically defective, in at least two particulars. Appellee did not charge, except inferentially, that appellant had taken any of his real estate. Appellee alleged that appellant had erected a railroad embankment on his tract of land; and we might infer from this allegation, that appellant had taken the land on which it erected its embankment. But if it is inferred that appellant had taken the land on which it erected its embankment, it is manifest that appellee's ap-

plication contained no such description of the land so taken, as the law required that it should contain. Upon the supposition that appellant had taken the land upon which its embankment was erected; and that the description of the embankment, in the application, was intended by appellee to be a description of the land so taken, this description would be utterly insufficient. In the application, the railroad embankment is described as follows:— " Said embankment extending diagonally through said tract of land, from a point near the north-east corner to a point near the south-west corner." That is the entire description of the embankment. Its beginning point is *near* the north-east corner of appellee's land, but how near, does not appear. Near is an indefinite word at all times, and as used in this description, without any other qualifying word, it is impossible to locate therefrom, with any degree of precision, the beginning of the embankment. Such beginning point might be either west or south of said north-east corner, and yet near to such corner. And so, also, in regard to the point to which the embankment extended,—such point was near the south-west corner, but it might be either north or east of such corner, and yet near to it. There is nothing in the description of the embankment to indicate its width, and of course nothing to indicate the width of appellee's land taken by appellant.

And yet the law, under which appellee commenced this suit, required that he should set forth, in his application, the precise description of his land taken by appellant. A precise description is a definite, accurate and correct description. If it was intended by appellee, as we presume it was, that his description of the embankment erected by appellant on his land should be regarded as a description of his land taken by appellant, it is absurd to say that such description is a precise description. It is uncertain, inaccurate, incorrect and unprecise.

There is a good reason why the application should con-

tain a precise description of the land taken, or desired to be taken, in this: that the application forms a material part of the writ of assessment of damages. Upon the filing of such application, the law provides that "the clerk shall thereupon issue to the sheriff, a writ of assessment of damages, reciting therein the material part of the application, and direct the sheriff to assess the damages by a jury." 2 R. S. 1876, p. 288, sec. 707. Unless, therefore, the application contains a precise description of the land taken or desired to be taken, neither the sheriff nor his jury will have any correct and legal information as to the subject-matter of their inquest.

In one other particular, the appellee has failed to set forth in his application, what the law required he should set forth therein; and that is, a reference to the law which authorized the taking of his property by appellant. Upon this point, appellee's application in this case is entirely silent.

We hold, therefore, that the court below erred, in overruling appellant's demurrer to appellee's application, and the writ and the assessment of damages thereunder. And as this decision goes to the very foundation of this cause, and as the other alleged errors relate to matters occurring in the progress of the cause, which may be obviated or may not arise in a new trial of the case, it is not necessary that we should consider or decide those matters now.

The judgment of the court below is reversed, at the costs of the appellee, and cause remanded with instructions to sustain appellant's demurrer to appellee's application and the writ and the assessment of damages thereunder, and for other proceedings.