CHURCH v. THE GRAND RAPIDS AND INDIANA R. R. CO.

ASSESSMENT OF DAMAGES.—*Application for Writ.—Complaint.*—An application, under section 710 of the practice act, 2 R. S. 1876, p. 289, for a writ for the assessment of damages, must be in writing; and such application constitutes a complaint, to which objection may be made as in ordinary adversary proceedings.

SAME.—*Railroad.—Heir.—Descents.*—In an action for such writ, against a railroad company, for an entry upon lands claimed by the plaintiff by inheritance since such entry, a failure to allege in the complaint that the ancestor was the owner at the time of the entry is fatal ; as is also a failure, in such an action by any one, to refer therein to the law authorizing the entry.

QUERY.—Can the heir maintain such an action, in any case ?

From the Lagrange Circuit Court.

*A. Ellison, J. D. Ferrall* and —— *Drake,* for appellant.
*A. Zollars* and *F. T. Zollars,* for appellee.

NIBLACK, J.—This was a proceeding by Jacob M. Church, to recover compensation and damages from the Grand Rapids and Indiana Railroad Company, for the construction and maintenance of its line of road over his lands.

The complaint alleged that the plaintiff was the owner of two tracts of land, describing them, lying in the county of Lagrange, and that the defendant, in June, 1867, entered upon and constructed its railroad track over said lands, thereby appropriating and converting to its own use a part of such lands, also describing the part so appropriated and converted ; that said tracts of land were worth in the aggregate twelve thousand dollars, and had been greatly damaged by the construction of said railroad over the same, because of such railroad running anglingly across such lands, thereby leaving the remaining parts in an irregular form ; because said railroad cut off a long and narrow strip from the east side of one of said tracts, which was in a high state of cultivation, thereby involving the

building of a large amount of additional fencing ; and because he had been prevented from using all of his said lands since March 1st, 1874, when he, the plaintiff, inherited the same from his father, Ira Church, as the defendant was then and since had been in the possession and use of the portions of said lands so appropriated and converted by it; that, by reason of the appropriation and conversion of such portions of said lands, the plaintiff had been damaged in the sum of two thousand dollars. Wherefore the plaintiff demanded judgment, and that appraisers might be appointed to appraise and assess the damages which had accrued to him, and all other proper relief.

The parties appeared to the action below, and without objection the court appointed three qualified persons as commissioners to appraise the damages alleged to have been sustained by the plaintiff as above. These commissioners afterward made a report, assessing the plaintiff's damages at the sum of fifteen hundred dollars. To this report the defendant filed twenty-one exceptions. Some of these exceptions were struck out by the court, others of them were withdrawn, and issue was joined upon the rest.

The cause was then sent to a jury for trial, the result being a general verdict for the plaintiff, assessing his damages at six hundred dollars, accompanied with answers to a great number of special interrogatories respectively submitted to the jury.

The defendant moved in arrest of the judgment and the motion was sustained. Judgment was thereupon rendered in favor of the defendant.

Error is assigned upon the decision of the court arresting the judgment, and that raises the question of the sufficiency of the complaint.

It was held by this court, in the case of *McMahon* v. *The Cincinnati and Chicago Short-Line Railroad Company,*

5 Ind. 413, that so much of the act entitled "An act to provide for the incorporation of railroad companies," approved May 11th, 1852, 1 R. S. 1876, p. 696, as relates to the assessment of damages against railroad companies for the taking of land for the construction of their roads, and that part of article 41 of the code, 2 R. S. 1876, p. 281, relating to the same subject must be construed *in pari materia* and treated as one enactment.

The construction thus given in that case has been acquiesced in and adhered to as a rule of practice in this State.

The complaint clearly did not bring this case within the provisions of sec. 15 of the act of May 11th, 1852, *supra*. It did not allege such proceedings by the Railroad Company as were necessary to give the court below jurisdiction to appoint appraisers under that section. We must, therefore, look to the provisions of article 41 of the code, above referred to, to enable us to judge of the sufficiency of the complaint.

That article of the code provides that, "When any person, corporation, or company, design to construct a canal, or railroad or turnpike, graded, McAdamized, or plank road, or bridge, or establish a ferry, as a work of public utility, although for private profit, being authorized by law to take real property therefor, such person, corporation or company, may have a writ," formerly known as the writ of *ad quod damnum*, for the assessment of damages; that such person, corporation, or company may file an application for such writ in the circuit court, or in the office of the clerk of that court in vacation, setting forth the precise description of the real estate desired to be taken, the names of the persons interested therein, making them defendants, and the purposes to which the same is to be converted, and refer to the law which authorizes the taking of the property, whereupon a writ for the assessment of the

damages shall be issued.    See sections 706, 707.    That
article further provides, that any person having an interest
in any land, which has been, or may be, taken for any such
public work, may have the benefit of this writ upon his own
application, upon which like proceedings shall be had as
in case of application made by the corporation, company,
or person prosecuting the work.    See section 710.

It is evident from these provisions that the application
for a writ, required as above, must be in writing, and con-
stitutes the complaint in the action, to which objection may
be taken, as in ordinary adversary proceedings.

As has been seen, the complaint averred that in June,
1867, the defendant entered upon the lands, which it par-
ticularly described, and constructed its railroad over said
lands, thereby appropriating and converting a portion of
such lands to its own use, and that the plaintiff inherited
these lands from his father, Ira Church, on the 1st day of
March, 1874, when he found the defendant in the posses-
sion and use of the lands so appropriated and converted by
it to its own use.

It was thus shown, as an inevitable inference from the
facts alleged, that, at the time a right of action accrued
against the defendant for whatever damages resulted from
the construction of its railroad over the lands referred to,
the plaintiff was not the owner of such lands and had no
interest therein.    Upon what, therefore, could the plaintiff
base his claim to recover these damages?    Not by assign-
ment from the person to whom they accrued, for no assign-
ment was alleged.    Not by inheritance, for it was not
averred that Ira Church was the owner of the lands when
they were taken and converted by the defendant, or that
he had otherwise become entitled to recover such damages
at the time the descent was cast upon the plaintiff.    Terms
of years and other estates less than freehold pass to the
executor or administrator, and are not subjects of descent.

Personal property, whether in possession or in action, does not descend to the heirs, but goes to the personal representatives of the deceased. 2 Bouvier Institutes, 368; 2 Hilliard on Real Property, 189; Toller on Executors, 139.

The general rule is that damages to land, remaining uncollected, do not pass to the vendee or descend to the heir. 1 Redfield on Railways, 5th ed., p. 392, and authorities above cited.

Under some circumstances, the heir may, in this State, sue upon and collect a chose in action which belonged to his ancestor, but in such a case it must be shown that there is no executor, administrator, creditor, widow or other person entitled to control or share in such chose in action. *Schneider* v. *Piessner*, 54 Ind. 524; *Bearss* v. *Montgomery*, 46 Ind. 544; *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156.

The damages alleged to have been inflicted in this case were such as enured to the benefit of the person who owned the lands when the railroad was constructed, and the simple averment that the plaintiff had afterward inherited these lands did not show him to be entitled to recover for such damages. The taking of the lands by inheritance did not necessarily carry with it any claim to damages to such lands, which had previously accrued, as has already been shown.

There was, also, no reference in the complaint to the law which authorized the defendant to take and appropriate the lands taken and used by it as alleged. Such an averment was held by this court to be necessary in a case similar to the one at bar. *The Indianapolis, etc., R. R. Co.* v. *Newsom*, 54 Ind. 121.

The complaint being insufficient, the court below did not err in arresting the judgment.

The judgment is affirmed, with costs.