Waltz *et al. v.* Waltz *et al.*

---

No. 9388.

WALTZ ET AL. *v.* WALTZ ET AL.

CONTRACT.—*Decedents' Estates.*—*Promise to Ancestor for Benefit of Heirs.*— *Pleading.*—*Names of Parties.*—*Amendment.*—*Practice.*—*Supreme Court.*— *Witness.*—*Evidence.*—*Lien.*—A. conveyed his farm to B., one of his sons, who, in consideration thereof, executed a written contract to A. to support him during life, and at his death to pay his heirs $1,250. A. died, leaving B. and eight other children surviving him. C., a son, thereupon mortgaged and warranted his interest in the land to H., and then conveyed it to D., another son. Suit by D. and the other children against B., C. and the mortgagee to recover such sum of money, and to have it declared a lien upon the land.

Waltz *et al. v.* Waltz *et al.*

*Held,* that it was not necessary to allege in the complaint that A. died intestate, or that he left no widow, or that no administration had been granted on his estate, or that no claims are due from the estate, as the action is not brought to recover a claim due the estate, but upon a promise to the decedent for the benefit of the plaintiffs.

*Held,* also, that the fact that the suit was commenced in the maiden names of the daughters, when they each had a different surname, went only to the form of the action, and, as the complaint might have been amended in the trial court without prejudice by substituting their names, it will be deemed amended in the Supreme Court.

*Held,* also, that such suit was not by heirs against heirs, founded upon a contract with the ancestor, the object of which is to affect the property of the ancestor, within the meaning of section 499, R. S. 1881, and that, therefore, B. and C. were competent witnesses in such action.

*Held,* also, that it was unnecessary to prove the execution of such contract by A., it being sufficient to prove its execution by B., whose stipulation the plaintiffs were alone seeking to enforce.

*Held,* also, that as the evidence tended to show that the mortgagee knew when it was executed that the money in dispute was unpaid, the Supreme Court will not disturb the finding on this question of fact.

*Held,* also, that as each of A.'s children was entitled to one-ninth of the money sought to be recovered, and as B. had not transferred his share to the plaintiffs, and C. had mortgaged his interest in the real estate to the mortgagee before its transfer, the plaintiffs were not entitled to recover as against B. and the mortgagee their interests in said sum of money, but were entitled to recover seven-ninths thereof.

SAME.—*Delivery of Contract to Contracting Party Sufficient.*—A party may maintain an action upon a promise made to a third person for his benefit, and in such an action it is not necessary to aver in the complaint a delivery of the contract to the plaintiff, a delivery to the contracting party being a sufficient delivery to the beneficiary.

From the Jennings Circuit Court.

*S. Carter,* for appellants.

*J. B. McCrellis, W. D. Ward, A. C. Downey* and *G. E. Downey,* for appellees.

BEST, C.—Henry Waltz, deceased, was the owner of the west half of the southwest quarter ($\frac{1}{4}$) of section thirty-three (33), in township three (3), range three (3) west, in Switzerland county, in this State, and, on May 8th, 1869, he conveyed the same to William J. Waltz, one of the appellants, who, in consideration of such conveyance, obligated himself, in writ-

ing, to maintain said Henry during life, and at his death to pay his heirs $1,250. Henry Waltz died May 30th, 1878, leaving nine children surviving him. On the 7th of October, 1878, three of these children, viz., Henry, Elijah and George assigned their respective interests in this contract to John Waltz. Afterwards, John, Susan, Elizabeth, Joseph and Julia brought this action against William J., Elijah, The First National Bank of Vevay, Indiana, and others, to recover said purchase-money, and to have it declared a lien upon said land, alleging in their complaint that William J. had conveyed the land to Elijah, who had mortgaged the same to The First National Bank of Vevay, Indiana, and that the other defendants had liens upon said land, all of which had been taken with notice that the purchase-money was unpaid, and that said liens were junior and subject to the lien of the appellees. A copy of the contract accompanied the complaint, and it purported to have been signed by William J. Waltz and Henry Waltz.

The First National Bank of Vevay, Indiana, Ulysses P. Schenck and Frederick D. Grisard, severally demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. These demurrers were overruled, exceptions were saved, issues formed, a trial had, a finding made for the appellees, and, over a motion for a new trial, final judgment was rendered for $1,429.15, and the same was declared a lien upon said land as against all the appellants.

The appellants, in this court, insist that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The same objections are presented by each of the demurrers, and they will therefore be considered as one.

It is insisted that the complaint is insufficient because it is not averred that no administration has been granted upon the estate of Henry Waltz, deceased; that no debts are due from said estate; that there are no costs of administration, and that said decedent left no widow surviving him, and in support

of these objections these cases are cited, viz.: *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156; *Bearss* v. *Montgomery*, 46 Ind. 544; *Schneider* v. *Piessner*, 54 Ind. 524; and *Ferguson* v. *Barnes*, 58 Ind. 169.

These cases hold that, where heirs bring an action to recover a debt belonging to a decedent, they must aver every fact necessary to show that they are entitled to the claim, and hence must aver that no administration has been granted; that there are no debts to be paid, and that there is no widow to claim any portion of the estate. This is not such an action. It is not brought to recover a claim belonging to the decedent, but is brought upon a claim due from the debtor to the appellees. The consideration that supports the promise sued upon moved from the decedent, but this fact does not change the character of the promise nor render it assets of the estate. The appellees do not claim through the decedent, but upon a promise made for their own benefit. The promise was not, it is true, made to them, but it was made for them; and in such case it is well settled that they may sue upon it as though it had been made to them. *Fisher* v. *Wilmoth*, 68 Ind. 449; *Clodfelter* v. *Hulett*, 72 Ind. 137.

It is also said that such disposition of the decedent's property could not affect the rights of the widow or of creditors, and that, therefore, the appellees can not maintain the action without averring that the decedent left no widow and had no creditors. If the decedent left a widow, such disposition of his property would not affect her interest in the land, but the purchaser would take the same subject to such interest; and as he does not himself suggest such fact as a defence to the payment of the purchase-money, certainly such suggestion from a subsequent lien-holder can not be entertained. Nor was it necessary to allege that there were no creditors. If any, they are not seeking to subject this debt to the payment of their claims, nor to set aside the transfer as fraudulent; and certainly these appellants, who claim through the purchaser and not the decedent, can not interpose such ob-

jection. As before stated, the claim sued upon did not belong to the decedent, and therefore it was unnecessary to make either of these averments.

It is also insisted that the complaint is bad because it is not averred that the decedent died intestate. It is said that the decedent fully controlled the promise of the purchaser during his life; that he could make any disposition of it he pleased, and hence it was necessary to allege that he did not die testate. Assuming, without deciding, that the decedent could have discharged this promise during his life, the same, if done, was matter of defence and need not be negatived by the complaint. It was enough for the appellees to aver the promise, its consideration and its non-fulfilment, without alleging that it had not been discharged by the decedent. This averment was, we think, unnecessary.

It is also insisted that the complaint is bad because it is not averred that the contract was delivered to any of the appellees. This was not necessary. A promise in writing made by one to another for the benefit of a third party is binding, and may be enforced by the latter, though not in fact delivered to him. A delivery to the contracting party is a sufficient delivery to the beneficiary. The complaint was sufficient in this respect. We believe that we have now examined all the objections urged to the complaint, and are of opinion that the complaint was sufficient and the demurrers properly overruled.

The First National Bank of Vevay alone filed the motion for a new trial. The causes embraced in the motion were the following: 1st. That the finding was not sustained by sufficient evidence; 2d. That the finding was contrary to law; 3d. The damages assessed are excessive; 4th. That the court erred in permitting William J., Elijah and Henry Waltz to testify in the cause; and, 5th. That the court erred in permitting the execution of the contract sued upon to be proved by William J. Waltz, it not appearing that the subscribing witness was not within the jurisdiction of the court.

The first and second causes for a new trial may be consid-

ered together. The first point made is, that as the action is brought in the names of John Waltz, Joseph Waltz, Susan Waltz, Elizabeth Waltz and Julia A. Filley, and the evidence shows that the decedent left nine children, viz.: John, Joseph, Henry, Elijah, William J. and George Waltz, Susan Towers, Elizabeth Brandon and Julia A. Filley, it fails to show that Susan Waltz and Elizabeth Waltz, two of the plaintiffs, were two of the decedent's children. We think it manifest from the record that the persons who commenced the suit were the children of the decedent. The suit was commenced in the maiden names of these daughters, and they are mentioned in the evidence by the names of Towers and Brandon. Probably they were married at the time, and if these names were the names of these daughters, the complaint might have been amended by substituting these names, without prejudice to the cause or to the rights of any of the parties. *Abshire* v. *Mather*, 27 Ind. 381.

As this defect went merely to the form of the proceedings, and as it might have been amended in the court below, it will be deemed amended here. R. S. 1881, sec. 658.

The judgment thus taken will bar another action by these daughters upon this contract, and, therefore, no injustice will be done by regarding the complaint as amended in this respect.

The next point urged is, that the evidence is not sufficient to establish the fact that the bank knew, when it accepted its mortgage, that the purchase-money was unpaid, and an elaborate argument is made to show that as the mortgage was taken for $1,800, and as the value of the land exceeded but little, if any, the amount of the mortgage, it was improbable that the bank took the mortgage with notice of the unpaid purchase-money. This was a circumstance to be considered in determining the fact, but was not a controlling circumstance, especially in view of the fact that the president of the bank, who accepted the mortgage, testified that he supposed the land

was worth $2,400, and that he did not know that it would have made any difference if he had known that the purchase-money was unpaid.   Three witnesses also testified that the president of the bank was informed before he took the mortgage that the purchase-money was unpaid, and as the mortgage was taken chiefly to secure claims held against William J. Waltz, who was insolvent, and as Elijah and Henry Waltz signed the note, and they were at the time responsible, we can not disturb the finding of the court upon this question of fact.

It is next insisted that the court erred in allowing William J., Elijah and Henry Waltz to testify ; and in support of this objection it is urged that this is a suit by heirs, founded on a contract made with the ancestor, the object of which is to obtain possession of the property of such ancestor, and as Elijah and Henry had transferred their interests in said purchase-money to David, one of the plaintiffs, such witnesses are to be deemed parties, and as such are incompetent witnesses in the cause.   The act of March 15th, 1879, renders such witnesses in such cause incompetent.   This is not, however, such a suit.   This is not a suit by heirs, or against heirs, upon a contract made with an ancestor to obtain title to or possession of property belonging to such ancestor.   The persons who bring the suit are heirs, but they do not bring it as heirs, nor do they seek to obtain title to or possession of any property of the ancestor.   They seek to obtain a judgment against their debtor, and to have the same declared a lien upon land conveyed to him by their ancestor ; such land is not the property of the ancestor, nor does the claim for the purchase-money belong to his estate.   There was, therefore, no error in allowing these witnesses to testify.

Julia C. Waltz was the attesting witness to the execution of the written contract, and it is insisted that the court erred in allowing the appellees to prove by William J. Waltz the execution of said contract by Henry Waltz, deceased, without

showing that the attesting witness was not within the juris-
diction of the court.

There was no available error in this ruling.    It was wholly
unnecessary to prove the execution of said contract on the part
of the decedent.    The execution of the deed by him, and the
execution of the contract by William J. Waltz, which were
proved without objection, was sufficient.    If the contract had
contained a stipulation upon the part of said decedent, and
the suit had been to enforce such stipulation, such proof would
have been required; but, as the suit was to enforce a stipula-
tion made by William J. Waltz, proof of the execution of
such agreement by him was sufficient.    There was no error
in this ruling.

The last point made is, that the damages assessed are ex-
cessive, and this point, we think, is well taken.    No question
is made in the case as to parties, and as the suit proceeded in
the court below upon the assumption that the appellees might
recover their proportionate share of the purchase-money, we
will so treat it here.    The parties also agree that a fair con-
struction of the written contract entitles each of the children
of the decedent to one-ninth of the purchase-money, and, as
William J. Waltz's portion was not transferred (if it could
have been done) to the appellees, or any of them, it follows
that the finding, which included his portion, was excessive.

Again, the mortgage made by Elijah to the First National
Bank of Vevay, was executed on the 12th day of February,
1872, and, as that occurred several years before he transferred
his portion of the purchase-money to John Waltz, one of the
appellees, it follows that John takes such portion, subject to
the lien of said mortgage.    Elijah, who mortgaged and war-
ranted this land to the bank, could not enforce, as against such
mortgagee, a lien upon the land; and, as Elijah could not do
so, neither can John, who takes it precisely as Elijah held it.
These propositions are plain, and, as the appellees virtually
concede them, we will not hunt citations to support them.    It
follows that the finding was excessive, and that the judgment

should be reversed, unless the appellees, within sixty days, will remit two-ninths of the judgment, in which case it will be affirmed for the residue.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, unless the appellees will, within sixty days from this time, remit two-ninths of the above judgment, and, if that is done, the judgment is affirmed, at appellees' costs.