The State, *ex rel.* Parnell *et al.*, *v.* Sanders *et al.*

———◇———

No. 10,919.

THE STATE, EX REL. PARNELL ET AL., *v.* SANDERS ET AL.

DECEDENTS' ESTATES.—*Action by Heirs to Recover Claim.*—*Complaint.*—*Necessary Averments.*—In an action by the heirs at law of a deceased person to recover a claim due the estate of such person, it is necessary to allege in the complaint, in addition to the averments that there are no debts and that no administration has been granted upon such estate, that such decedent left no widow, or, if he did, that such widow has relinquished her interest in such estate; otherwise the complaint is insufficient upon demurrer, as it does not show that such heirs are entitled to the claim.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellees.

BEST, C.—The State, on the relation of Susannah, Phebe, Mary, George, Jesse, Eli, Jonathan and Venice Parnell, brought this action upon a bond executed by Lucinda Sanders, as administratrix *de bonis non* of the estate of Benjamin Sanders, deceased, and by Clark Blair as her surety, to recover such damages as the relators had sustained by reason of the alleged failure of said administratrix to pay a claim of

$380.50 due from said estate to the estate of James Parnell, deceased.

A demurrer to the complaint was sustained, and this ruling is assigned as error.

The only averments made in the complaint to show that the relators are entitled to maintain this action are these: " That James Parnell, who died in November, 1876, intestate, not being in debt to any person, and no administration has been had on his estate, leaving the above named relators as his heirs at law."

These averments, in our opinion, failed to show that the relators were entitled to the money due the estate of James Parnell, deceased, and hence they were not entitled to maintain an action upon the bond. *Prima facie,* the right of action upon the claim, and consequently upon the bond, was in the personal representative, but there are cases where the heirs may maintain the action. *Schneider* v. *Piessner,* 54 Ind. 524; *Church* v. *Grand Rapids, etc., R. R. Co.,* 70 Ind. 161; *Waltz* v. *Waltz,* 84 Ind. 403.

In such case, the complaint should aver every fact necessary to show that the heirs are entitled to the money, and in order to do this it must be averred that the decedent left no widow, or that she has relinquished her claim. *Schneider* v. *Piessner, supra; Williams* v. *Riley,* 88 Ind. 290.

This averment is not made. The averment is that the relators are the " heirs at law " of the decedent. The phrase " heirs at law " must be taken in its ordinary signification, and can not be construed either to mean that the decedent left no widow, or, if so, that one of the relators is such widow. The averment as made did not show the relators to be entitled to the money, and for that reason the demurrer was properly sustained. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the relators' costs.