St. Joseph Hydraulic Co. *v.* Cincinnati, Wabash and Michigan R'y Co.

husband was not the subject-matter of the action. It arose on the evidence merely, and was, and could have been, only brought collaterally in question. It was, therefore, error to exclude their testimony.

It was error to overrule the appellant's motion for a new trial.

Judgment reversed, with costs, and new trial ordered.

Filed Jan. 11, 1887.

———————<span></span>———————

No. 12,496.

The St. Joseph Hydraulic Company *v.* The Cincinnati, Wabash and Michigan Railway Company.

Railroad.—*Appropriation Proceedings.—Description.—Action to Recover.*— Where, in a proceeding by a railroad company to appropriate land, the description in the instrument of appropriation is sufficient to indicate to the owner the land wanted, the latter can not, after having appeared in the condemnation proceedings without making any objection to the description, maintain an action to recover the land.

· From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*C. E. Cowgill,* for appellee.

Elliott, C. J.—The appellant seeks by its complaint to recover real estate alleged to be in the possession of the appellee. Issues were joined and a trial had, resulting in a judgment against the appellant. The question comes to us on the ruling denying a new trial.

The appellee instituted proceedings to condemn the land in controversy, and in the instrument of appropriation, thus described the property:

"A strip or parcel of land in the county of Elkhart, and State of Indiana, described as follows, to wit: A strip or

parcel of land in the northeast quarter of section five (5), township thirty-seven (37) north, of range five (5) east, commencing at the thread of the stream of the St. Joseph river dividing the land herein described from the land on the south belonging to the Elkhart Hydraulic Company (or to the United States), extending thence in a northwesterly direction along the line of the road, as now located, of the railway company, to where the said company's proposed road, as located, intersects the highway known as the Cassopolis highway, for a distance of fifteen hundred and fifty (1550) feet, and said strip being four (4) rods wide, that is, two (2) rods in width on each side of the middle line, as now located, of said proposed railroad, for the full length of said strip, except that for the distance of three hundred and twenty-five (325) feet from the south end thereof, so much of said strip of land as lies on the west side of the middle line of the company's road to be only twenty feet in width."

Notice was given, and at the proper time the appellant appeared and objected to the proceeding, but on what grounds, or to what part of the proceedings, the evidence does not disclose. The court overruled the objections and appointed commissioners to appraise the land sought to be appropriated. They reported to the court, and in their report described the land substantially as it is described in the instrument of appropriation. The line of the railroad was fixed by a survey and a profile correctly showing the line, and they were on file at the time the instrument of appropriation was filed in the clerk's office.

While the commissioners were examining the land sought to be appropriated, the appellant was present by its officers and pointed out to the commissioners to what extent the seizure and use of the land would injure the appellant.

On the 20th day of October, 1881, the commissioners properly filed their report assessing the damages of the appellant at $350. This sum was paid to the clerk on the day the report was filed, for the use and benefit of the appellant.

The contention of the appellant's counsel is that the appellee acquired no title to the land in dispute, for the reason that the description in the instrument of appropriation is insufficient. It is not necessary for us to decide whether the description would have been sufficient under the provision of the statute requiring " a precise description of the land desired to be taken," if the objection had been made in the condemnation proceedings, for here the question was not presented in the condemnation proceedings, but in a purely collateral manner. The rule as to the description is very strict where the question is made in the condemnation proceedings. *Indianapolis, etc., R. R. Co.* v. *Newsom,* 54 Ind. 121 ; *Midland R. W. Co.* v. *Smith, post,* p. 488.

There are, however, obvious reasons why the rule declared in these cases should not apply where the objection is not made until after the judgment in the condemnation proceedings has been entered and the assessment paid into court. It is a principle running through many cases, and enforced in many forms, that an objection made seasonably and in the original proceeding will be given force, which would be utterly unavailing in a mere collateral attack. We can perceive no reason why the general principle should not apply here, for the judgment of the court in the condemnation proceedings must settle all questions as to the sufficiency of the instrument of appropriation, or else it settles none. The general doctrine which must rule this case was asserted in *Indiana, etc., Co.* v. *Louisville, etc., R. W. Co.,* 107 Ind. 301, and is decisive of the controversy.

The case now in hearing is much stronger than the case referred to, for here the land-owners took part in the examination made by the commissioners after having appeared and objected to the proceedings. If the description was deemed insufficient, it ought to have been objected to at the proper time, and it is now too late to raise that question.

We do not decide, or mean to decide, that the description is insufficient in any material respect; on the contrary, we in-

cline to the opinion that it should be held sufficient, no matter what the form of the attack.

The familiar principle, so often applied in determining the sufficiency of descriptions, properly applies here, for this description can be made certain, and that which can be made certain is so in law. The map or profile required by the statute, together with the monuments referred to in the description, it seems to us, supplies means for fully and accurately identifying the land. But we need go no further in this case than to decide that there is some description of the land, and that as it was sufficient to indicate to the owner what the railroad company desired to appropriate, the owner can not, after having appeared in the condemnation proceedings, and made no objections to the description, maintain an action to recover the land.

Judgment affirmed.

Filed Jan. 8, 1887.