INDIANAPOLIS & VINCENNES RAILROAD COMPANY *v.*
PRICE ET AL.

[No. 18,983.    Filed June 7, 1899.]

153   31
157   189

153   31
160   118

153   31
170   60

EMINENT DOMAIN.—*Damages.*—*Chose in Action.*—A claim for damages for real estate appropriated by a railroad company is a chose in action, and passes from the owner of the real estate, upon his death, to his personal representatives, and not to his heirs; but there are circumstances under which the heirs may sue upon and collect choses in action belonging to the ancestor.  *p. 32.*

SAME.—*Damages.*—*Complaint.*—A complaint by tenants in common to recover damages for lands appropriated by a railroad company is not rendered bad by the mere fact that such tenants also sought to recover damages to an interest owned by their ancestor in the lands at the time of the appropriation.  *p. 32.*

From the Greene Circuit Court.  *Affirmed.*

*S. O. Pickens* and *Davis & Moffett,* for appellant.

*J. B. Filbert,* for appellees.

MONKS, J.—This was a proceeding under §§881-912 R. S. 1881, §§893-924 Burns 1894, §§881-912 Horner 1897, commenced by appellees against appellant for the assessment of damages by reason of the construction of a railroad across the lands of appellees.  The errors assigned, and not waived, are that the court erred in overruling the demurrer to the complaint; that the court erred in its conclusions of law.

It appears from the record that the real estate in question was owned at the time of the appropriation thereof by the appellant for its right of way by the heirs of Levi Gastineau, deceased, as tenants in common.  Jeremiah Gastineau, and the appellees, except Sarah Gastineau, were children of said deceased, and owned the undivided two-thirds, and Rachel Laselle, the widow of said deceased, owned the undivided one-third of said real estate.  Jeremiah Gastineau died after the appropriation of said real estate by appellant, owing no debts, leaving as his only personal representative and legatee

the appellee Sarah Gastineau, and his funeral expenses have all been paid before the commencement of this proceeding. Mrs. Laselle died after said appropriation, leaving as her only heirs the appellees other than Sarah Gastineau. Appellees sought to recover by this proceeding not only the damages for their interest in the real estate appropriated, but also for the interest of Mrs. Laselle. It is insisted that the claim of Mrs. Laselle to damages was a chose in action, and could only be enforced by her, and that such claim did not pass with her one-third of said land to her children, the appellees other than Sarah Gastineau. It is true, as insisted by appellant, that the right of action for the appropriation of lands by a railroad company for its right of way is in the person who owns the lands when the same are appropriated. The right to recover the damages for such appropriation is a chose in action, and can only be enforced by the owner of the lands, and passes on his death to his personal representative, and not to his heirs. *Church* v. *Grand Rapids, etc., R. Co.*, 70 Ind. 161; *Indiana, etc., R. Co.* v. *Allen*, 100 Ind. 409; *Evansville, etc., R. Co.* v. *Nye*, 113 Ind. 223; *Harshbarger* v. *Midland R. Co.*, 131 Ind. 177.

While choses in action do not descend to the heir, there are circumstances under which he may, in this State, sue upon and collect choses in action belonging to his ancestor. *Church* v. *Grand Rapids, etc., R. Co.*, 70 Ind. 161, 165, and cases cited.

Appellees were entitled to recover damages for the interest they owned in the land when the same was appropriated by appellant, and the mere fact that they also sought to recover the damages which accrued to Mrs. Laselle did not render the complaint bad upon demurrer. It is not necessary, however, to determine whether the facts alleged in the complaint were sufficient to entitle appellees to recover the damages which accrued to Mrs. Laselle, because judgment was only recovered for the damages which accrued to the

owners of the undivided two-thirds of said real estate, and no recovery was had for the damages which accrued to her. Judgment affirmed, with ten per cent. damages.