Jewell *v.* Gaylor.

---

JEWELL ET AL. *v.* GAYLOR ET AL.

[No. 19,441.  Filed June 26, 1901.]

DESCENT AND DISTRIBUTION.—*Action Between Heirs.—Complaint.*— In an action by heirs against certain other heirs to recover the value of property alleged to have been procured by defendants from decedent by fraudulent means, a complaint averring that there are no debts against the estate, but which fails to allege that there is no executor, administrator, widow or other person entitled to control or share in the claim sued on, is insufficient to withstand a demurrer.

From St. Joseph Circuit Court; *Lucian Hubbard,* Judge.

Jewell *v.* Gaylor.

Action by William M. Jewell and others against Albert Gaylor and others. From a judgment in favor of defendants, plaintiffs appeal. *Affirmed.*

*Wilbert Ward* and *J. S. Dodge,* for appellants.

*A. Anderson, J. DuShane* and *W. G. Crabill,* for appellees.

Monks, C. J.—Appellants, grandchildren and heirs of Jacob M. Gaylor, deceased, brought this action against appellees, children and heirs of said deceased, to recover $8,000 for certain personal property alleged to have been procured by appellees from the deceased by fraudulent means, and for money received by appellees for real estate which they by means of undue influence induced said decedent to sell and convey, and for damages on account of their having executed deeds in the name of said John M. Gaylor without his knowledge or consent for certain real estate owned by him. The separate demurrers of appellees to the complaint were sustained, and judgment rendered against appellants.

The complaint proceeds upon the theory that appellees as heirs of Jacob M. Gaylor, deceased, are entitled to recover a money judgment against the other heirs of said deceased on the facts alleged upon the ground that there are no debts against the estate. They insist that when there are no debts to be paid, the estate may be settled without administration, and the heirs are entitled to the estate and may bring any kind of an action to recover the same. That their right to recover does not depend upon whether or not there is an administrator or executor, but upon the fact whether or not there are any debts of the estate to be paid. Citing *Salter v. Salter,* 98 Ind. 522; *Waltz v. Waltz,* 84 Ind. 403; *Church v. Grand Rapids, etc., R. Co.,* 70 Ind. 161.

It is true that the heirs may under certain circumstances sue upon and collect claims belonging to the decedent, but these circumstances must be set forth in the complaint. *Indianapolis, etc., R. Co. v. Price,* 153 Ind. 31, and cases cited.

To recover, the heirs must allege and prove that there is no executor, administrator, creditor, widow or other person entitled to control or share in the claim sued upon. *Church* v. *Grand Rapids, etc., R. Co.,* 70 Ind. 161, 165; *Schneider* v. *Piessner,* 54 Ind. 524; *Bearss* v. *Montgomery,* 46 Ind. 544; *Walpole* v. *Bishop,* 31 Ind. 156; *Salter* v. *Salter,* 98 Ind. 522, and cases cited.

The only averment in the complaint on the subject is that there are no debts against the estate, and so far as the complaint is concerned there may be a widow, an executor, administrator or other person entitled to control or share in the claims sued upon.

The court did not err, therefore, in sustaining a demurrer to each paragraph of the complaint. Judgment affirmed.